LYLE S. WELCH, Indiv. and as Special Adm'r of the Estate of Carolyn Sue Welch, Deceased, Plaintiff and Counterdefendant-Appellee, v. CLARENCE STOCKS, County Commissioner, *et al.*, Defendants-Counterplaintiffs and Third-Party Plaintiffs–Appellants (The State of Illinois *et al.*, Third-Party Defendants and Appellees).

Fifth District   No. 5—85—0836

Opinion filed January 16, 1987.

J. C. Mitchell, of Mitchell & Armstrong, Ltd., of Marion, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees State of Illinois, Illinois Department of Transportation, Division of Highways, and Alex Zedialis.

No brief filed for other appellee.

JUSTICE HARRISON delivered the opinion of the court:

Third-party plaintiffs, Clarence Stocks, John Hamilton, William Mattingly, Vernon Wittenborn, and Williamson County, appeal from a judgment of the circuit court of Williamson County which dismissed their third-party complaint for contribution against the State of Illinois; the Illinois Department of Transportation, Division of Highways; and Alex Zedialis, an Illinois Department of Transportation traffic engineer, on the ground that it was barred by the doctrine of sovereign immunity. For the reasons which follow, we affirm the judgment and hold that dismissal of the third-party complaint is without prejudice to its being refiled in the Illinois Court of Claims.

Clarence Stocks, John Hamilton, and William Mattingly are each commissioners of Williamson County. Vernon Wittenborn is that county's superintendent of highways. They, along with the county, were sued for damages in Williamson County circuit court by Lyle S. Welch. Welch's suit arose from a collision which took place on October 2, 1982, in or near the intersection of Illinois State Route 37 and County Road 241 in Williamson County between a car driven by Welch's wife and an automobile driven by Melvin Walker. Welch, who was riding in the car with his wife, was injured in the collision, and his wife was killed. Welch's suit, brought on behalf of himself and his deceased wife's estate, essentially seeks to impose liability for the collision on Stocks, Hamilton, Mattingly, Wittenborn, and Williamson County (hereinafter referred to collectively as the county) on the grounds that they were negligent in failing to place and maintain at the collision site the traffic signs required by law.

The county counterclaimed against Welch. It also filed a third-party complaint for contribution against the State of Illinois; the Illinois Department of Transportation, Division of Highways; and Alex Zedialis (hereinafter referred to collectively as the State) pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305). In its third-party complaint, the county charged that the State was a joint tortfeasor whose negligence proximately contributed to the injuries alleged by Welch in his complaint. The State filed a timely motion to dismiss this third-party complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), arguing that it was not subject to suit in circuit court under the doctrine of sovereign immunity. The State's motion was granted. The circuit court found no just reason for delaying an appeal (see 87 Ill. 2d R. 304), and its judgment is now before us for review.

In its arguments before the circuit court and now on appeal, the county has asserted that its third-party complaint against the State was proper under the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305). Section 2(a) of that Act provides:

"Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right to contribution among them, even though judgment has not been entered against any or all of them." (Ill. Rev. Stat. 1985, ch. 70, par. 302(a).)

The State does not deny that it may be subject to contribution under this provision. Rather, its position is simply that any right which the county might have to contribution against it cannot be enforced in circuit court. We agree.

■■ The procedures for enforcement of a claim for contribution are set forth in section 5 of the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 305). That section provides simply that a cause of action for contribution among joint tortfeasors "may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." As the county correctly points out, this statute has been interpreted by our supreme court to mean that where there is a pending action, the party seeking contribution must assert its claim by counterclaim or by third-party claim in that action. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939, 941-42.) The county argues that under this interpretation, it had no alternative but to bring

its third-party complaint in circuit court, where the main action was pending, and that by dismissing the third-party claim, the circuit court deprived it of its right to seek contribution from the State at all. In the county's view, such a result is contrary to the intent of the contribution statute, which, as our supreme court has recognized, is "to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege." *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 9, 461 N.E.2d 382, 386.

■ What the county fails to appreciate is that in reaching its interpretation of section 5 in *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, our supreme court was not dealing with a situation where, as here, contribution is sought from the State. Because the State is involved, different considerations must be taken into account. Under section 4 of article XIII of the 1970 Illinois Constitution, the doctrine of sovereign immunity was abolished "except as the General Assembly may provide by law." Acting under the authority of this provision, however, the General Assembly retained sovereign immunity by enacting legislation which states: "Except as provided in the 'Illinois Public Labor Relations Act' ***, or except as provided in 'AN ACT to Create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named,' ***, *the State of Illinois shall not be made a defendant or party in any court.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 127, par. 801.) Section 8 of the Court of Claims Act provides, in pertinent part:

"The court [of claims] shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit ***." Ill. Rev. Stat. 1985, ch. 37, par. 439.8(d).

Although the third-party complaint here names as a third-party defendant a State officer as well as a department of the State and the State itself, there is no dispute at this stage of the proceedings that the State of Illinois is the real party against which the county seeks relief and that the third-party action is against the "State" as that term is used in the aforementioned statutory provisions. (*Cf. Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863.) Pursuant to the plain and unambiguous language of those provisions, we therefore believe that jurisdiction over the third-party action lies exclusively with the Court of Claims and that the State cannot be

made a party in the proceedings before the circuit court. This is a case where, under section 5 of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 305), the appropriate mode of enforcement of the county's right to contribution, if any, is "by a separate action."

This conclusion does no violence to the purpose of the contribution statute, for it does not prevent third-party plaintiffs from seeking contribution from the State. It merely requires that contribution be pursued in the appropriate forum, the Court of Claims. We note, moreover, that no other result can be reconciled with fundamental principles of statutory construction. If section 5 of the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 305) were interpreted as requiring a claim for contribution against the State to be filed in circuit court, it would be in direct conflict with section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1985, ch. 127, par. 801) and section 8 of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.8) and would, in effect, abrogate their provisions. Whenever possible, however, we must construe statutes which are in conflict or which appear repugnant so as to give effect to both. See *People ex rel. Moore v. Chicago, Burlington & Quincy R.R. Co.* (1953), 414 Ill. 419, 425, 111 N.E.2d 509, 513.

In addition, section 5 of the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 305) applies generally to claims for contribution, while "An Act in relation to immunity ***" (Ill. Rev. Stat. 1985, ch. 127, par. 801) and section 8 of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.8) deal specifically with litigation against the State. Where, as here, "there is a specific statutory provision, and where there is a general statutory provision either in the same or in another act which relates to the same subject that the specific provision relates to, the specific provision controls over the general statute." *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 711, 450 N.E.2d 1311, 1317.

The county argues that section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.8(d)) does not, by its terms, govern the situation present here and thus poses no statutory conflict. Specifically, the county asserts that section 8(d) confers exclusive jurisdiction in the Court of Claims only over "cases sounding in tort," but that contribution is not a recovery for a tort, but rather the enforcement of an equitable duty to share liability for the wrong done. (See *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, 461 N.E.2d 382, 388.)

Even if, *arguendo*, this assertion had merit, it would be of no aid to the county, for it still fails to account for the basic prohibition in "An Act in relation to immunity ***" (Ill. Rev. Stat. 1985, ch. 127, par. 801) against making the State a defendant or party in any court except as provided in the Illinois Public Labor Relations Act or the Court of Claims Act.

For the foregoing reasons, we affirm the judgment of the circuit court of Williamson County dismissing the county's third-party complaint for contribution against the State. The dismissal is without prejudice to the county's refiling of its third-party complaint in the Illinois Court of Claims.

Affirmed.

JONES and WELCH, JJ., concur.