BERNARD BATES *et al.*, Plaintiffs-Appellants, v. BOARD OF EDUCATION, ALLENDALE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 17, WABASH COUNTY, Defendant-Appellee.

Fifth District   No. 5—88—0146

Opinion filed May 12, 1989.

John F. Borden, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellants.

Richard L. Kline, of Woodcock, Kline & Kaid, P.C., of Mt. Carmel and Stephen H. Pugh and David T.B. Audley, both of Chapman & Cutler, of Chicago, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs Bernard Bates, Dorothy Bates, Bob Trimble, Dorothy Trimble, Jim E. Kelsey, Donald Smith, Jewel Smith, Fred Smith, Stanley W. Kelsey, Kenneth Shepard, Don Shepard, Francis Shepard and John Stevens appeal under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) from an order of the circuit court of Wabash County which dismissed, on the pleadings, count I of their complaint against defendant, the Board of Education of Allendale Community Consolidated School District No. 17. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) In that count, plaintiffs alleged that bonds issued by defendant under authority of section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) were illegal because they bore an interest rate of 9.75%, which exceeded the 7% rate specified in that statute. The circuit court rejected this claim on the theory that (1) the interest rate ceiling applicable to bonds issued under section 17—2.11a (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) should actually be determined according to the provisions of section 2 of "An Act to authorize public corporations to issue bonds, other evidences of indebtedness and tax anticipation warrants subject to interest rate lim-

itations set forth therein" (Ill. Rev. Stat. 1987, ch. 17, par. 6602) (hereinafter the Public Corporation Interest Act), and that (2) the 9.75% rate was proper under those provisions. For the reasons which follow, we find that the circuit court's interpretation of the statutes involved here was erroneous. We therefore reverse and remand.

Plaintiffs allege that they are all taxpayers and owners of real property in the Allendale Community Consolidated School District No. 17 in Wabash County. On June 3, 1986, plaintiffs filed a 10-count complaint for declaratory and injunctive relief to challenge certain actions taken by defendant in connection with the remodeling of an old school building and the construction of a new one. Count I of plaintiffs' complaint alleged that defendant had issued bonds under authority of section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a). The purpose of these bonds was to help finance the building projects. Section 17—2.11a of the School Code expressly provides that bonds issued thereunder "shall bear interest at a rate not to exceed 7% per annum." (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a.) In this case, however, the bonds issued by defendant carried an interest rate of 9.75%, 2.75% greater than that allowed by the statute. Plaintiffs therefore reasoned that the bonds were illegal and that defendant should not be permitted to pay any amounts allegedly due and owing on those bonds.

Following various developments not relevant here, defendant moved to dismiss plaintiffs' complaint in its entirety. With respect to count I, defendant argued that judgment on the pleadings should be entered in its favor because, among other things, plaintiffs had failed to allege that the interest rate on the bonds in question violated section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602). In defendant's view, that statute, and not section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a), set the applicable interest rate ceiling. Following a hearing, the circuit court entered an order which, *inter alia*, dismissed count I. Shortly thereafter, plaintiffs filed a motion in which they requested that the court reconsider its order of dismissal, or, in the alternative, that it make an express written finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that "there is no just reason for delaying enforcement or appeal."

The circuit court denied plaintiffs' motion for reconsideration. In so doing, it expressly held that the applicable interest rate ceiling on the bonds in question here was set by section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602) and that the 9.75% rate payable on those bonds was, as the parties had

agreed, within the limits imposed by that statute. Accordingly, the court reasoned that defendant's failure to adhere to the interest rate limit imposed by section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a), as alleged in count I, could not subject it to liability.

Although the circuit court denied plaintiffs' motion to reconsider, it granted their alternative motion and made the written finding required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). This appeal followed. The sole question presented for our review is whether the circuit court erred in concluding that the bonds alleged in plaintiffs' complaint to have been issued by defendant were not subject to the interest rate limitation imposed by section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a). We hold that it did. We therefore reverse and remand for further proceedings.

According to plaintiffs' complaint, defendant levied a tax on property in the district pursuant to section 17—2.11 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11). That statute authorizes school districts having a population of less than 500,000 inhabitants to levy a tax for the purpose of altering or reconstructing school buildings and equipment when necessary to meet fire prevention or safety regulations under certain specified conditions. When a school district has levied a tax in the amount and for the purposes specified in this statute, it may, pursuant to section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) "by proper resolution borrow money for such purposes and as evidence of such indebtedness may issue bonds without referendum." According to plaintiffs' complaint, the bonds being challenged in this case were issued pursuant to this statutory authority. Section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) expressly provides that "[s]uch bonds shall bear interest at a rate not to exceed 7% per annum." The legislature could scarcely have made this language more direct and unambiguous. The word "shall" has been used, which is ordinarily indicative of mandatory intent. (See *People v. Emrich* (1986), 113 Ill. 2d 343, 350, 498 N.E.2d 1140, 1143.) Moreover, the statute provides that "[t]his Section is cumulative and constitutes complete authority for the issuance of bonds as provided in this Section notwithstanding any other statute or law to the contrary." Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a.

If, as plaintiffs allege, defendant had issued bonds bearing a 9.75% interest rate, the unambiguous and mandatory provisions of section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122,

par. 17—2.11a) would clearly have been violated. Count I of plaintiffs' complaint therefore does state a cause of action and should not have been dismissed on the pleadings. The circuit court should not have permitted defendant to defeat plaintiffs' claim by invoking section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602). In its current form, that statute provides:

> "Notwithstanding the provisions of any other law to the contrary, any public corporation may agree or contract to pay interest on bonds or other evidences of indebtedness and tax anticipation warrants issued pursuant to law at an interest rate or rates not exceeding the rate of 9% per annum or 125% of the rate for the most recent date shown in the 20 G.O. Bonds Index of average municipal bond yields as published in the most recent issue of The Bond Buyer ***."

The term "public corporations" as used in this statute includes "any school district." (Ill. Rev. Stat. 1987, ch. 17, par. 6601(a).) Defendant therefore argued, and the circuit court agreed, that the broad language of the statute superseded the restrictions imposed by section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a). We are aware of no rule of statutory construction which would support such an interpretation.

█ If section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602) were construed to apply to bonds issued under authority of section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a), the two statutes would be in direct conflict, and the result would be that the interest rate provision in section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) would be rendered meaningless. A fundamental rule of statutory construction, however, is that we must, whenever possible, construe statutes which are in conflict or which appear repugnant to each other so as to give effect to both. *Welch v. Stocks* (1987), 152 Ill. App. 3d 1, 5, 503 N.E.2d 1079, 1081-82.

█ Reconciliation of the two statutes here is not difficult. The 7% interest rate mandated by section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) applies specifically to bonds issued under the conditions described in that statute. By contrast, section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602) applies generally to bonds issued by "any public corporation." The law is well settled that where, as here, "there is a specific statutory provision, and where there is a general statutory provision either in the same or in another act which relates to the same subject that the specific provision relates to, the specific

provision controls over the general statute." (*Welch v. Stocks*, 152 Ill. App. 3d at 5, 503 N.E.2d at 1082, quoting *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 711, 450 N.E.2d 1311, 1317; see also *People ex rel. Kempiners v. Draper* (1986), 113 Ill. 2d 318, 321, 497 N.E.2d 1166, 1167.) This is especially true where, as in this case, the specific statutory provision was enacted after promulgation of the general statute. See *Ming Kow Hah v. Stackler* (1978), 66 Ill. App. 3d 947, 953, 383 N.E.2d 1264, 1268.

■ Defendant makes much of the fact that section 2 of the Public Corporation Interest Act indicates that interest may be paid by public corporations on bonds up to the limits it specifies "[n]otwithstanding the provisions of any other law to the contrary" (Ill. Rev. Stat. 1987, ch. 17, par. 6602), and that the act specifies that its provisions "shall be cumulative and in addition to any powers or authority granted in any other laws of the State ***" (Ill. Rev. Stat. 1987, ch. 17, par. 6603). Defendant argues that these provisions must be interpreted to mean that the legislature intended to give school districts additional authority with regard to the interest rates at which they may issue bonds. We note, however, that section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) itself provides not only that it is "cumulative," but that it "constitutes complete authority for the issuance of bonds as provided in this Section notwithstanding any other statute or law to the contrary." For defendant's analysis to hold, this language would have to be ignored, because if section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602) gave additional authority regarding interest rates paid on bonds issued by school districts under the circumstances specified in section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a), then it could scarcely be said that the latter statute provided "complete authority" for the issuance of those bonds "notwithstanding any other statute or law to the contrary" (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a).

■ For the foregoing reasons, we believe that the only proper way to interpret the statutes before us is to hold that where a school district issues bonds pursuant to section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) the legislature intended that those bonds be subject to the specific interest rate ceiling set forth in that provision, not the general interest rate ceiling provided in section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602). This conclusion is further supported by the cardinal principle that in construing statutory provisions, a court

should consider not only the language used but also the purposes to be attained by the law. (*Canteen Corp. v. Department of Revenue* (1988), 123 Ill. 2d 95, 104, 525 N.E.2d 73, 77.) A significant feature of section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) is that, under certain narrowly defined circumstances, it authorizes covered school districts to issue bonds without first holding a referendum. Because voters have no opportunity to participate directly in the decision as to whether such bonds should be issued, we believe that the intention of the legislature was to provide some measure of protection to them against excessive debt obligations by limiting the amount of interest which could be paid on the bonds. If, as defendant argues, the bonds issued under section 17—2.11a of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) were subject only to the general interest rate ceiling provided by section 2 of the Public Corporation Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6602), then this protection would be completely vitiated.

Because bonds issued by school districts under section 17—2.11a (Ill. Rev. Stat. 1987, ch. 122, par. 17—2.11a) are subject to the 7% interest rate ceiling set forth therein, and because plaintiffs have alleged that the bonds issued under that statute here bore an interest rate which exceeded the 7% ceiling, we must conclude that the circuit court erred in dismissing on the pleadings count I of plaintiffs' complaint. Accordingly, the circuit court's order dismissing that count is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, P.J., and GOLDENHERSH, J., concur.