ALAN J. DIXON, Secretary of State, Plaintiff-Appellee, v. JERRY L. O'CONNOR, Defendant-Appellant.

Fourth District   No. 16722

Opinion filed March 31, 1981.—Rehearing denied April 24, 1981.

Jeffrey R. Liebman and John J. Enright, both of Arvey, Hodes, Costello & Burman, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the subpoena power of the Secretary of State in connection with investigations of violations of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1979, ch. 121½, pars. 137.1 through 137.19).

On October 18, 1979, plaintiff, Alan J. Dixon, Secretary of State, acting pursuant to section 11(G) of the Law (Ill. Rev. Stat. 1979, ch. 121½, par. 137.11(G)) filed a complaint in the circuit court of Sangamon County seeking to compel defendant, Jerry L. O'Connor, to produce books, papers, and documents and to give testimony concerning a possible violation of the Law in regard to a solicitation, offer, and sale of certain securities. The complaint alleged that (1) on June 27, 1979, the Secretary of State, by Jerry Reed, a person designated by him, had issued a *subpoena duces tecum* to defendant pursuant to the Law, and (2) defendant had appeared in response thereto before Reed but had refused to testify or produce the requested documents. Defendant answered, denying that he was required to comply with the subpoena and claiming it to be unlawful and invalid. Subsequently, plaintiff's motion for summary judgment was allowed on September 25, 1980.

Section 11(G) provides in part:

> "For the purpose of all investigations which in the opinion of the Secretary of State, are necessary and proper for the enforcement of this Act, the Secretary of State, or a person designated by him is empowered to administer oaths and affirmations, subpoena witnesses, take evidence, and require the production of any books, papers, or other documents which the Secretary of State, or a person designated by him, deems relevant or material to the inquiry." (Ill. Rev. Stat. 1979, ch. 121½, par. 137.11(G).)

The section authorizes the circuit court, upon application of the Secretary of State, to order compliance and to sanction noncompliance with its contempt power.

On appeal defendant asserts: (1) section 11(G) authorizes only the Secretary of State to determine the necessity and propriety of an investigation; (2) even if the power may be delegated, the record here gives no indication of anyone so delegated having made the determination; and (3) in any event, summary judgment was improper because of the existence of factual issues as to the time, validity, and extent of such delegation of power.

Plaintiff admits that no personal determination of necessity and propriety was made by him but contends that the determination was made by David Hart Wunder, Securities Commissioner of Illinois, a person under plaintiff's direction and to whom the authority for determination had been delegated.

In support of his argument that only the Secretary can make the

determination of necessity and propriety, defendant maintains (1) the lack of express authority for him to delegate the task coupled with the granting of the power to delegate the power to administer oaths, subpoena witnesses, take evidence, etc., indicates a legislative intent to deny the Secretary the power to make the delegation, and (2) analogy to the Securities Act of 1933 (15 U.S.C. §77a *et seq.* (1976)) after which section 11(G) was patterned also indicates such a legislative intent.

■■ Defendant's argument that by expressly granting the Secretary power to delegate certain functions, the General Assembly intended to deny him the power to delegate those functions where no such express power was given is an aspect of the rule of statutory construction stating: *expressio unius est exclusio alterius.* The rule requires serious consideration by us, but we deem compelling reasons require us not to apply it here. The oft-quoted Latin maxim is not a rule of law absolutely required to be applied. *Dick v. Roberts* (1956), 8 Ill. 2d 215, 133 N.E.2d 305.

The argument that analogy to the Securities Act of 1933 requires a holding that the Secretary is without power to delegate the authority to make the determination is not supported by judicial interpretation of that Act. It authorizes the Securities and Exchange Commission to conduct investigations it deems "necessary and proper," and to empower its officers to administer oaths, subpoena witnesses, take evidence and require the production of various items "which the Commission deems relevant or material to the inquiry." (15 U.S.C. §77(b) (1976).) Although that legislation expressly authorizes the Commission to delegate the ministerial functions of oath taking, etc., and makes no reference to delegating the power to determine the items deemed relevant or material, delegation of that power has been upheld. *Securities & Exchange Com. v. Arthur Young & Co.* (D.C. Cir. 1978), 584 F.2d 1018.

The heart of plaintiff's argument is that the extensive duties of his office, of which enforcement of the Illinois Securities Law is but a small, albeit important segment, preclude personal attention to each facet of the operation of the statute. Without express grant of power to delegate responsibility, the Secretary is directed by sections 5(B)(5), 7(E), and 8(B)(8) of the Law (Ill. Rev. Stat. 1979, ch. 121½, pars. 137.5(B)(5), 137.7(E) and 137.8(B)(8)) to register securities, examine documents submitted concerning investment fund shares and register them if they conform to the Law and conduct a securities dealer examination, respectively. The Secretary's other duties are much more numerous. An absurd result would attach if the statute is interpreted to require that the Secretary must personally perform all duties which are specifically designated to him, but which are not qualified by language to the effect that he can delegate these duties to other persons within his sphere of authority.

■■ In *Scott v. Association for Childbirth at Home, International* (1980),

85 Ill. App. 3d 311, 407 N.E.2d 71, *appeal allowed* (1980), 81 Ill. 2d 599, we held the Attorney General to have implied authority to delegate certain powers of issuance of subpoenas, hold hearings, examine witnesses, and require answers to interrogatories although the legislation granting the powers to the Attorney General did not expressly authorize him to delegate those powers. The legislation involved there (Ill. Rev. Stat. 1979, ch. 121½, pars. 263, 264), unlike that here, did not expressly authorize delegation of some powers and remain silent as to delegation of others. Nevertheless, the impossibility of the Secretary being able to make an informed personal determination of the necessity and propriety of each investigation needed under the Law compels us to conclude that the legislature intended him to have authority to delegate the power to make the determination. We so hold.

Our determination is consistent with provisions of section 11(A) of the Law (Ill. Rev. Stat. 1979, ch. 121½, par. 137.11(A)), which gives the Secretary broad power to make "rules and regulations as may be necessary to carry out [the Law]." It is also consistent with the rule that the Law be liberally construed to protect the public. *Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 204 N.E.2d 807.

We disagree with defendant's contention that the record does not show that anyone properly delegated to do so determined that the investigation was necessary and proper. Uncontradicted affidavits attached to plaintiff's motion for summary judgment demonstrated: (1) power to make the determination to investigate was delegated to Wunder; (2) upon information being given to Wunder by Jerry Reed, an investigation into possible violations of the Law was started; (3) the information causing the investigation came from the Attorney General's office. From this information a trier of fact could only conclude that a determination that the investigation was reasonable and proper was made by Wunder. The statute does not require a showing of probable cause, nor does it require a formal record to be made as to the determination.

The question of whether a proper determination was made as to the propriety and necessity of the investigation was the only factual issue drawn by the pleadings. As we consider plaintiff's uncontested affidavits to be conclusive on that issue, the trial court properly allowed plaintiff's motion for summary judgment.

We affirm.

TRAPP, P. J., and CRAVEN, J., concur.