THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY L. WILLIAMS, Defendant-Appellant.

Third District   No. 3—89—0154

Opinion filed November 22, 1989.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, Rodney L. Williams, of theft (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1). At his sentencing hearing, the State introduced evidence showing that the defendant had a prior conviction for residential burglary. Based on that evidence, the trial court found that the defendant's misdemeanor theft conviction was enhanced to a Class 4 felony (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1(b)(2)). It thereafter sentenced him to 30 months' imprisonment. The defendant appeals, arguing that the State was required to prove to the jury, not to the sentencing court,

that he had committed a prior felony. The State merely argues on appeal that the defendant has waived this issue.

We find that both the defendant and the State have missed the mark with their arguments. The defendant's argument is based on his belief that Public Act 85—1003 (Pub. Act 85—1003, eff. July 1, 1988) provided the relevant statutory guidelines for his prosecution. Public Act 85—1003 did not state when in the proceedings the State was expected to prove the defendant's prior conviction. Accordingly, the defendant contends that under *People v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148, his prior conviction was an element of the offense, which the State had to prove to the jury.

■ The only evidence relevant to this appeal is that the defendant committed his offense on November 25, 1988. Public Act 85—1003 was passed by the General Assembly on November 6, 1987, approved on January 14, 1988, and scheduled to take effect on July 1, 1988. Subsequently, Public Act 85—1030 was passed and approved on June 30, 1988, and took effect in relevant part on July 1, 1988. Public Act 85—1030 expressly stated that the prior conviction was not an element of the offense of theft and could not be disclosed to the jury. In the case of irreconcilable conflicts between two acts dealing with the same subject, the act last acted upon by the General Assembly is controlling. (Ill. Rev. Stat. 1987, ch. 1, par. 1105; see *People v. Bullard* (1975), 61 Ill. 2d 277, 335 N.E.2d 465.) Accordingly, Public Act 85—1030 superseded Public Act 85—1003, and the State properly withheld the defendant's prior felony conviction from the jury.

■ Further, before the defendant's instant criminal act, but after Public Act 85—1003 and Public Act 85—1030 took effect, Public Act 85—1209 was approved and took effect. Public Act 85—1209, which was passed on July 1, 1988, approved on August 30, 1988, and took effect on August 30, 1988, also stated that a defendant's prior conviction is not an element of the offense and may not be disclosed to the jury. Accordingly, even without the rule of statutory construction stated above, it is clear that Public Act 85—1003 was not the controlling statute. We also note that on January 10, 1989, the General Assembly passed Public Act 85—1440, which was approved and took effect on February 1, 1989. That act also stated that the prior conviction is not an element of the offense and may not be disclosed to the jury.

Based on our findings, we conclude that the State properly waited until sentencing to introduce evidence of the defendant's residential burglary conviction. The defendant does not otherwise con-

test his conviction or sentence.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.