(No. 68775.—

THE STATE OF ILLINOIS, SECRETARY OF STATE, Appellee, v. EDWARD MIKUSCH *et al.*, Appellants.

*Opinion filed October 4, 1990.*

Richard F. McPartlin, of Chicago, and Wayne Klocke, of Long, Rabin & Young, Ltd., of Springfield, for appellants Edward Mikusch *et al.*

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellant Human Rights Commission.

Steven Nardulli and Daniel Maher, of Stratton, Dobbs, Nardulli & Lestikow, of Springfield, for appellee Secretary of State.

JUSTICE WARD delivered the opinion of the court:

The defendants-appellants, Edward Mikusch and George Bender, Secretary of State investigators who were mandatorily retired at age 60, six other investigators whose mandatory retirement was stayed by agreement and the Human Rights Commission, appeal from a holding of the appellate court that investigators of the Secretary of State who had reached the age of 60 were subject to mandatory retirement from service under section 2—115 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 2—115). The court stated that the involved provision of section 2—115 was not violative of, but stood as an exception to, the age discrimination provisions of the Illinois Human Rights Act.

Section 2—115 of the Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 2—115) was amended on June 20, 1979, to provide, "No person may be retained in service

as an investigator under this section after he has reached 60 years of age." The Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), enacted on November 8, 1979, prohibits discrimination in employment because of age.

Under section 2—115, the Secretary of State notified certain of his investigators that each would be retired on his upcoming sixtieth birthday. The notice cited section 2—115 and stated:

> "According to our records, you will be 60 years of age on [date] thus requiring your mandatory retirement effective as of the cease of business that date."

The Secretary of State sought administrative review of the Human Rights Commission's decision that the Secretary of State had violated the Human Rights Act by discriminating against the Secretary of State investigators on the basis of age. Upon notification of their mandatory retirement, the investigators had filed a complaint with the Department of Human Rights.

Under the Human Rights Act it is illegal, subject to certain exceptions, for an employer to act against an employee with "unlawful discrimination." (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A).) Unlawful discrimination includes discrimination against a person because of his or her age. (Ill. Rev. Stat. 1981, ch. 68, par. 1—103(Q).) Age is specifically defined to mean "the chronological age of a person who is 40 but not yet 70 years old." (Ill. Rev. Stat. 1981, ch. 68, par. 1—103(A).) The defendants contend too that even if the appellate court was correct in concluding that the mandatory retirement of investigators of the Secretary of State pursuant to section 2—115 was consistent with the Human Rights Act, the section cannot stand because it is in violation of the Federal Age Discrimination in Employment Act (29 U.S.C. §261 *et seq.* (1988)).

The Human Rights Commission held that the mandatory retirement provision of section 2—115 of the Vehicle Code was in irreconcilable conflict with the age discrimination prohibition of the Human Rights Act. The circuit court of Sangamon County, after initially reversing the Commission's decision, affirmed it. The Secretary of State appealed to the appellate court, which reversed the circuit court, holding that section 2—115 of the Vehicle Code was not so antagonistic to pertinent provisions of the Human Rights Act that both statutes could not be operative (181 Ill. App. 3d 431). We granted the defendants' petition for leave to appeal under our Rule 315 (107 Ill. 2d R. 315).

The basic question is whether the Secretary of State could, pursuant to the mandatory retirement provision in section 2—115 of the Vehicle Code, retire Secretary of State investigators upon their reaching 60 years of age without violating the age discrimination provisions of the Human Rights Act.

In order to regard the apparently conflicting provisions of section 2—115 and the Human Rights Act as capable of being harmonized, we will consider, as the appellate court did, whether the legislature intended that the mandatory retirement provisions of the Vehicle Code be considered an exception to the Human Rights Act's general prohibition against forced retirement prior to 70 years of age. The language of neither the Human Rights Act nor the Vehicle Code is directed to this question and we must consider general rules of statutory construction.

The fundamental rule of statutory construction, of course, is to give effect to the intent of the legislature. (*People v. Parker* (1988), 123 Ill. 2d 204, 209.) In seeking to ascertain legislative intent, courts consider the statutes in their entirety, noting the subject they address and the legislature's apparent objective in enacting them. (*Gill v. Miller* (1983), 94 Ill. 2d 52, 56.) It is pre-

sumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments. (*Pliakos v. Illinois Liquor Control Comm'n* (1957), 11 Ill. 2d 456.) It is further presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes which relate to the same subject are to be governed by one spirit and a single policy. (*People v. Maya* (1985), 105 Ill. 2d 281, 286; *S. Buchsbaum & Co. v. Gordon* (1945), 389 Ill. 493; *People ex rel. Martin v. Village of Oak Park* (1939), 372 Ill. 488.) As this court observed in *People ex rel. Adamowski v. Metropolitan Sanitary District* (1958), 14 Ill. 2d 271, 283, it is not unusual for two or more bills to be passed at the same session of the legislature which pertain to the same subject. For the later enactment to operate as a repeal by implication of the earlier one, therefore, there must be such manifest and total repugnance that the two cannot stand together. A construction, if possible, of the two statutes which allows both to stand will be favored. See also *People ex rel. Young v. Chicago & North Western Ry. Co.* (1960), 20 Ill. 2d 462, 467.

The legislature suggested what its intent should be considered to be when these situations appear by enacting the Statute on Statutes (Ill. Rev. Stat. 1989, ch. 1, par. 1105):

> "Two or more Acts which relate to the same subject matter and which are enacted by the same General Assembly shall be construed together in such a manner as to give full effect to each Act except in case of an irreconcilable conflict."

The Secretary argued and the appellate court judged that the mandatory retirement provision of section 2—115 of the Vehicle Code was not in irreconcilable conflict with the Human Rights Act on the ground that section 2—115 could be harmonized with the Human Rights Act

by reading section 2—115 as an exception to the Human Rights Act. We consider this to be error. Reading section 2—115 as an exception to the Human Rights Act (prior to its 1987 amendment) is not consistent with the plain language of the Act or with the actions taken by the legislature. Section 2—115 and the Human Rights Act are directly in conflict.

The general provisions of the Human Rights Act make it clear that discrimination based on age is prohibited. The introductory section of the Act declares that the State's public policy is to "secure for all individuals within Illinois the freedom from discrimination because of *** age *** in connection with employment." (Ill. Rev. Stat. 1981, ch. 68, par. 1—102(A).) This court has considered the intent of the legislature regarding the Human Rights Act as it applies to mandatory retirement. In *Board of Trustees of Community College District No. 508 v. Human Rights Comm'n* (1981), 88 Ill. 2d 22, 29, it was held that retirement was sufficiently connected to employment to include it within the broad range of discriminatory practices prohibited by the Act and, thus, that the Human Rights Act prohibits involuntary retirement based on age. The Human Rights Act bars the compelled retirement of all employees prior to 70 years of age except those exempted under the Act.

The Human Rights Act, in section 2—104, does provide employers with certain exceptions for conduct which would otherwise violate the Act. For example, under section 2—104(A), an employer can justify an employee's mandatory retirement prior to becoming 70 years of age if the decision is based on a *bona fide* occupational qualification. (Ill. Rev. Stat. 1981, ch. 68, par. 2—104(A).) Section 2—104, however, does not include among its listed exceptions one permitting mandatory retirement of Secretary of State investigators at age 60. The plaintiff, nevertheless, argues that although not ex-

plicitly included in section 2—104 as an exception under the Human Rights Act, the legislature intended that section 2—115 operate as an exception to the Act. We do not agree.

It is established in statutory construction that the expression of certain exceptions in a statute will be construed as an exclusion of all others. (*Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 340; *People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 199; *Roth v. Department of Public Health* (1982), 109 Ill. App. 3d 457, 460.) Here, the legislature provided a detailed list of exceptions and the list did not include one to allow the mandatory retirement of Secretary of State investigators.

A further indication that the mandatory retirement provision of section 2—115 was not intended as an exception is that the Human Rights Act was enacted after section 2—115 was amended to call for the mandatory retirement of Secretary of State investigators at age 60. As stated, we will assume that the legislature was aware of its previous enactment, *i.e.*, section 2—115, at the time it was enumerating the exceptions to the Human Rights Act. We consider its failure to provide for the mandatory retirement of Secretary of State investigators as indicating its intention not to make it an exception to the Act.

Judging that the legislature did not intend the age-60 provisions of section 2—115 to be an exception does not, however, compel the conclusion that the legislature acted irrationally in enacting both statutes. On the contrary, the legislature, for example, may have believed that the retirement of the investigators mandated by section 2—115 would not contradict the Human Rights Act if it were considered as one of the enunciated exceptions to the Act, specifically, a *bona fide* occupational qualification. (Ill. Rev. Stat. 1981, ch. 68, par. 2—104(A).) The

*bona fide* occupational qualification exception is available if the employer shows that age is reasonably related to the essential operation of the job involved and if there is a factual basis for believing that all or substantially all persons above the age limit would be unable to properly perform the duties of the job, or that it is impossible or impracticable to determine job fitness on an individualized basis. (*Popkins v. Zagel* (C.D. Ill. 1985), 611 F. Supp. 809, 813; *Orzel v. City of Wauwatosa Fire Department* (7th Cir. 1983), 697 F.2d 743.) Several courts have upheld mandatory retirement statutes similar to the one at issue on the basis of a *bona fide* occupational qualification defense. (See, *e.g., Popkins v. Zagel* (C.D. Ill. 1985), 611 F. Supp. 809, 813 (where an Illinois statute mandating the retirement of police officers at age 60 was justified on the basis of a *bona fide* occupational qualification); see also *Equal Employment Opportunity Comm'n v. Wyoming* (1983), 460 U.S. 226, 75 L. Ed. 2d 18, 103 S. Ct. 1054 (where the Supreme Court stated that a Wyoming statute requiring forced retirement of game wardens at age 55 was permissible if the State could demonstrate that age was a *bona fide* occupational qualification); *Equal Employment Opportunity Comm'n v. New Jersey* (D.N.J. 1985), 620 F. Supp. 977 (where a New Jersey statute mandating retirement of State troopers at age 55 was justified as a *bona fide* occupational qualification).) Here, however, the Secretary of State did not attempt to justify his actions on the basis of a *bona fide* occupational qualification or on the basis of any other exception provided in the Act.

The Secretary argues too that in 1987 section 2—104 of the Human Rights Act was amended to provide, "Nothing contained in this Act shall prohibit an employer *** from *** [i]mposing a mandatory retirement age for *** law enforcement officers ***." (Ill. Rev. Stat. 1989, ch. 68, par. 2—104(A)(7).) This amendment,

the Secretary says, clarified the legislature's intention that section 2—115 be considered an exception to the Act. The defendants respond that the amendment of the statute in 1987 changed the law and is a further indication that the mandatory retirement provision of section 2—115 was not intended, in and of itself, as an exception prior to the amendment of 1987. The statute as amended is not applicable here.

Generally, a material change in the language of an unambiguous statute creates a presumption, although it can be rebutted by evidence of a contrary legislative intent, that the amendment was intended to change the law. (*People v. Hare* (1988), 119 Ill. 2d 441, 451; *Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 340; 1A N. Singer, Sutherland on Statutory Construction §22.30, at 179 (Sands 4th ed. 1972).) The Secretary argues that the amendment did not indicate a legislative intent to change the law, but instead was merely a clarification of existing law. In cases where a subsequent statutory amendment has been construed as a clarification rather than a change in the meaning of a statute, however, some ambiguity existed in the statute prior to the amendment, and the statutory language as it originally existed did not disclose clearly the intent of the legislature. (*People v. Hare* (1988), 119 Ill. 2d 441, 451.) When the import of the original statutory language is clear, the court has declined to view an amendment as simply clarifying the legislature's intention. (*Hare*, 119 Ill. 2d at 451.) Here the language of the Human Rights Act was not unclear. At the time the investigators were mandatorily retired, section 2—102(A) prohibited, subject to specific defined exceptions, none of which applied to the defendants, the mandatory retirement of an employee before the age of 70.

Furthermore, it would appear that section 2—104 was amended to keep pace with the Federal Age Discrimina-

tion in Employment Act, which had, in 1986, been amended to provide for an identical exception. (29 U.S.C. §623(i) (1988).) To contend that the amendment to our statute was actuated by a desire to clarify the legislature's intention regarding the mandatory provision of section 2—115 is simply not supportable.

We would state again that the amendment is not applicable on the facts here. The legislature expressly provided in the text of the amendment that the section added by the amendment would not "apply with respect to any cause of action arising under the Illinois Human Rights Act as in effect prior to December 3, 1987." (Ill. Rev. Stat. 1989, ch. 68, par. 2—104(A)(7).) Such a restriction would not have been necessary if the amendment did not change, but simply clarified, existing law.

The Secretary also points to an amendment in the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 14—110(c)(5)) which took effect after the Human Rights Act was enacted and which, the Secretary says, evidences the legislature's understanding that the mandatory retirement provision of section 2—115 was to be considered an exception to the Human Rights Act. In 1983, the legislature amended the Pension Code to provide:

> "A person who became employed as an investigator for the Secretary of State between January 1, 1967 and December 31, 1975 and who has served as such until attainment of age 60 *** shall be entitled to have his retirement annuity calculated in accordance with subsection (a), notwithstanding that he has less than 20 years of credit for such service." (Ill. Rev. Stat. 1987, ch. 108½, par. 14—110(c)(5).)

The Secretary says that the legislature set the age in this section of the Pension Code at 60 because of the provision in section 2—115. The Secretary contends that the language of the Pension Code amendment reaffirms

that the legislature intended that the mandatory retirement provision of section 2—115 stand as an exception to the Human Rights Act. The 1983 amendment to the Pension Code, however, makes no reference to section 2—115 or that retirement of Secretary of State investigators is mandated at age 60. The amendment simply eliminated the 20-year service requirement for those Secretary of State investigators serving to the age of 60 who were employed between January 1, 1967, and December 31, 1975, and entitled them to use the "formula" method provided in the Code in calculating their pensions. The most that can be said of this amendment is that it encouraged, rather than mandated, retirement at age 60.

Concluding that the statutory provisions are irreconcilable it must be determined which act is controlling. When two statutes appear to be in conflict, the one which was enacted later should prevail, as a later legislative expression of intent. (Ill. Rev. Stat. 1989, ch. 1, par. 1105; *People ex rel. Fitzsimmons v. Swailes* (1984), 101 Ill. 2d 458, 461.) The Human Rights Act must prevail, as it was enacted four months after section 2—115 of the Vehicle Code was amended to require retirement of Secretary of State investigators at age 60. The Secretary, however, argues for a statutory construction that when two pieces of legislation are in conflict, the more specific piece of legislation should control over the more general. (*People v. Singleton* (1984), 103 Ill. 2d 339.) The Secretary claims that the Vehicle Code and the Pension Code deal more specifically with the retirement of Secretary of State investigators and, therefore, their terms should control over the terms of the Human Rights Act, which are general.

The Human Rights Act is directed to problems of discrimination and is clearly more specific on the issue of

age discrimination than the Vehicle Code and the Pension Code. The Act's terms should control.

We hold that the mandatory retirement provision of section 2—115 of the Vehicle Code is inconsistent with the provisions of the Human Rights Act, and that the Human Rights Act is the controlling statute. We need not address the defendants' contention that the Code also violates the provisions of the Federal Age Discrimination Act.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*