THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE RESIDENCE LOCATED AT 1403 EAST PARHAM STREET, Defendant-Appellee.

Fifth District   No. 5—92—0056

Opinion filed October 6, 1993.

Charles Garnati, State's Attorney, of Marion (Norbert J. Goetten, Stephen E. Norris, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Therese H. Thien, of Robert A. Drew & Associates, of Marion, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On February 7, 1991, a complaint was filed in the circuit court of Williamson County pursuant to the authority of section 505 of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1991, ch. 56½, par. 1505.) That section provides for the forfeiture to the State of, *inter alia*,

> "all real property, including any right, title, and interest (including, but not limited to, any leasehold interest or the beneficial interest in a land trust) in the whole of any lot or tract of land and any appurtenances or improvements, which is used or

intended to be used, in any manner or part, to commit, or in any manner to facilitate the commission of, any violation or act that constitutes a violation of Section 401 or 405 of this [Controlled Substances] Act or that is the proceeds of any violation or act that constitutes a violation of Section 401 or 405 of this [Controlled Substances] Act." (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a)(6).)

The complaint for forfeiture was filed by the State's Attorney of Williamson County against the residence of JoEllen and Scott Brozowski alleging that the Brozowskis had used the residence for the unlawful delivery of controlled substances. The complaint prays that an order be entered by the circuit court of Williamson County forfeiting the residence to the State.

On May 10, 1991, the Brozowskis answered the complaint for forfeiture, asserting, *inter alia*, that the residence is their homestead and thus subject to the homestead exemption provided in section 12—901 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 12—901.) That section provides:

"Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, a condominium or in personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence; and such homestead, and all right and title therein, is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent and legacy, except as hereinafter provided ***." Ill. Rev. Stat. 1991, ch. 110, par. 12—901.

Following hearing on the complaint, held July 30, 1991, the court found that the Brozowskis had, in fact, used their residence to unlawfully deliver controlled substances and that the home was, therefore, subject to forfeiture under section 505 of the Controlled Substances Act. (Ill. Rev. Stat. 1991, ch. 56½, par. 1505.) The parties do not dispute this finding. The court asked counsel to submit written memoranda on the question of whether the homestead exemption was applicable to such a forfeiture.

After receiving the written memoranda of the parties, the court issued a memorandum of decision in which it held that the homestead exemption does apply in the case of a forfeiture of real estate pursuant to section 505 of the Controlled Substances Act. The court reasoned that the homestead exemption is old and revered and not easily

divested or lost. Only clear and explicit statutory language can result in the loss of this homestead right. Because neither the Controlled Substances Act nor the Drug Asset Forfeiture Procedure Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1671 *et seq.*), which sets forth the procedures to be followed in a forfeiture action under the Controlled Substances Act, explicitly provides for the forfeiture or extinguishment of this homestead right, the homestead exemption applies and any forfeiture is subject thereto. The final order of forfeiture subject to the homestead exemption was entered January 3, 1992. The State brings this appeal from the finding of the applicability of the homestead exemption.

The issue before us is a limited one: whether the homestead exemption provided by section 12—901 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 12—901) applies to real property forfeited to the State pursuant to the Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a)(6)) and the Drug Asset Forfeiture Procedure Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1671 *et seq.*). The trial court held that it does, and we agree. The question is one of statutory construction, a question of law, and we may construe the statute independently of the trial court's judgment. *Village of South Elgin v. City of Elgin* (1990), 203 Ill. App. 3d 364, 367, 561 N.E.2d 295, 297.

The fundamental rule of statutory construction, of course, is to give effect to the intent of the legislature. (*State v. Mikusch* (1990), 138 Ill. 2d 242, 247, 562 N.E.2d 168, 170.) We note, as did the trial court, that neither the Controlled Substances Act nor the Drug Asset Forfeiture Procedure Act (hereinafter Forfeiture Procedure Act) mentions the homestead exemption in any respect. Section 8 of the Forfeiture Procedure Act does set forth certain exemptions from forfeiture. (Ill. Rev. Stat. 1991, ch. 56½, par. 1678.) However, each of these exemptions is intended exclusively to protect the interests of an innocent owner of property which is otherwise subject to forfeiture. The section does not address exemptions available to the individual who has knowingly violated the Controlled Substances Act thus resulting in the forfeiture action. Thus, we find unconvincing the State's argument that, by failing to include homestead as an exemption in this section, the legislature intended to exclude homestead as an exemption. While ordinarily the enumeration of certain exceptions in a statute will be construed as an exclusion of all others (*State v. Mikusch* (1990), 138 Ill. 2d 242, 250, 562 N.E.2d 168, 171), this is not a rule of law which is absolutely required to be applied in all cases. (*Dixon v. O'Connor* (1981), 94 Ill. App. 3d 656, 658, 419 N.E.2d 83, 85.) The

homestead exemption is of a different nature than the exemptions addressed in section 8. It is not an additional exemption under the Forfeiture Procedure Act. The failure to include the homestead exemption in section 8 is not, therefore, reflective of legislative intent to exclude its application to forfeiture of real property under the Controlled Substances Act. We conclude, therefore, that both the Controlled Substances Act and the Forfeiture Procedure Act are silent as to the applicability of the homestead exemption to the forfeiture of real property thereunder.

In seeking to ascertain legislative intent, courts consider the statutes in their entirety, noting the subject they address and the legislature's apparent objective in enacting them. *State v. Mikusch* (1990), 138 Ill. 2d 242, 247, 562 N.E.2d 168, 170.

The principal object to be effectuated by the creation of the homestead estate is to protect the homesteader in the enjoyment of a home and to secure to him a shelter beyond the reach of his improvidence or financial misfortune. (*Holterman v. Poynter* (1935), 361 Ill. 617, 625-26, 198 N.E. 723, 727.) Statutes relating to the homestead exemption have been construed liberally by our courts. (*Bank of Illmo v. Simmons* (1986), 142 Ill. App. 3d 741, 744, 492 N.E.2d 207, 211.) As the trial court found, the homestead estate is not easily lost or divested. A judgment debtor need not perform any act or manifest any intention in order to avail himself of his homestead exemption. (*Holterman*, 361 Ill. at 622, 198 N.E. at 725.) Even the fraudulent acts of the party entitled to a homestead are not allowed to divest that right. (*Holterman*, 361 Ill. at 625, 198 N.E. at 726.) Neither fraud nor the commission of a criminal offense can work a release or forfeiture of the right of homestead; such release or forfeiture can only be accomplished in the manner provided by the statute. *Holterman*, 361 Ill. at 625, 198 N.E. at 726.

The homestead exemption continues even after an individual's death, for the benefit of the surviving spouse and/or children (Ill. Rev. Stat. 1991, ch. 110, par. 12—902) and can be released, waived, or conveyed only in writing. However,

"[i]n order that a deed shall pass the homestead right of the grantors it must contain a special release of that right. Where the homestead is not specifically named as conveyed, no general language in the deed, though it comprehend every claim, interest and estate, of whatever description, at law or in equity, in express terms, will pass the right or estop the householder from asserting it as against anyone claiming under the deed." (*Holterman*, 361 Ill. at 627, 198 N.E. at 727.)

The homestead exemption can also be lost by abandonment of possession of the homestead property. (Ill. Rev. Stat. 1991, ch. 110, par. 12—904.) The doctrines of estoppel and *laches* do not effect release of homestead. *Dixon v. Moller* (1976), 42 Ill. App. 3d 688, 692, 356 N.E.2d 599, 604.

In *In re Estate of Millhouse* (1978), 60 Ill. App. 3d 549, 377 N.E.2d 382, it was held that an individual's homestead exemption survived her death for the benefit of her surviving spouse even though prior to her death she had embezzled over $1 million from her employer and her estate was insolvent. Her surviving husband was awarded homestead upon the sale of the realty to pay debts. The court held that neither fraud nor the commission of a criminal offense can work a release or forfeiture of the right of homestead as such release or forfeiture can only be accomplished in the manner provided by the statute.

Thus, it appears that, while one may voluntarily relinquish or convey one's homestead estate, that estate cannot be involuntarily taken away or divested for any purpose. Even the commission of a criminal act will not result in the loss of the homestead estate. Nor can the homestead estate be casually conveyed or waived voluntarily. Any conveyance of the estate must be made explicitly, specifically, and in writing.

The Drug Asset Forfeiture Procedure Act provides procedures to be followed in effecting the forfeiture of property for violation of the Controlled Substances Act. The legislative declaration of purpose of the Forfeiture Procedure Act states:

> "The General Assembly finds that the civil forfeiture of property *** will have a significant beneficial effect in deterring the rising incidence of the abuse and trafficking of [controlled] substances within this State." (Ill. Rev. Stat. 1989, ch. 56½, par. 1672.)

The object of the forfeiture provisions of the Controlled Substances Act and the Forfeiture Procedure Act are, therefore, to deter individuals from trafficking in controlled substances by imposing a civil penalty in addition to the criminal penalties already provided.

It is presumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments and, further, that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it. (*State v. Mikusch* (1990), 138 Ill. 2d 242, 247-48, 562 N.E.2d 168, 170.) For a later enactment to operate as a repeal by implication of the earlier one, there must be such manifest and total repugnance

that the two cannot stand together. (*Mikusch*, 138 Ill. 2d at 248, 562 N.E.2d at 170.) A construction, if possible, of the two statutes which allows both to stand will be favored. *Mikusch*, 138 Ill. 2d at 248, 562 N.E.2d at 170.

In the instant case we find no irreconcilable conflict between the statutes pertaining to the homestead exemption and those pertaining to the forfeiture of real property for violation of the Controlled Substances Act. To the contrary, we find that, by giving effect to both statutes, the two statutes can be harmonized and the purposes and objects of both achieved. We hold, therefore, that the homestead exemption does apply to the forfeiture of real property pursuant to section 505 of the Controlled Substances Act and the Forfeiture Procedure Act.

Examination of the language of the homestead exemption provision itself, as well as examination of the case law arising from that provision, supports our construction of the two statutory schemes. We see no indication in the language of the homestead exemption statute itself to indicate that it was not intended to apply to all involuntary takings of real property. Section 12—901 of the Code of Civil Procedure provides that the homestead estate is "exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts *or other purposes* and from the laws of conveyance, descent and legacy." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 12—901.) By its own terms the homestead exemption is not limited only to the taking of property in payment of debts. Instead, it applies to the involuntary taking of real property for any purpose. The instant forfeiture judgment results in the involuntary taking of the real property of the homesteaders, JoEllen and Scott Brozowski, and they are entitled to their homestead exemption.

Examination of relevant case law supports this view. As we have already discussed, even criminal acts cannot divest one of the homestead estate. (*Estate of Millhouse*, 60 Ill. App. 3d at 552, 377 N.E.2d at 385.) Nor is there any reason to believe that one whose property is forfeited pursuant to the Controlled Substances Act is not in need of shelter or the means to acquire shelter as much as one whose property is taken in payment of debts. As we have stated, the purpose of the homestead exemption is to secure to the homesteader a shelter beyond the reach of his improvidence. *Holterman v. Poynter* (1935), 361 Ill. 617, 625-26, 198 N.E. 723, 725.

Our conclusion that the homestead exemption applies to real property forfeited pursuant to the Controlled Substances Act and the Forfeiture Procedure Act does no violence to the purpose of those forfeit-

ure statutes, as the State argues. The State argues that application of the homestead exemption to drug forfeitures would defeat the purpose of deterring the trafficking in controlled substances because drug dealers could avoid the impact of the drug forfeiture laws by selling drugs from real estate whose market value does not exceed the homestead exemption. However, in order to qualify for the homestead exemption, the real property must be occupied by the drug dealer as his or her residence. If a drug dealer chooses to reside in, as well as sell drugs from, a residence valued at less than $7,500, the State is correct that the property would not be subject to forfeiture under our construction of the statutes. However, we do not believe that this will defeat the deterrent purpose of the forfeiture statutes, and we do not see this as a serious argument against our construction of the statutes.

The State also argues that the language of section 505(a)(6) of the Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a)(6)) clearly states that "all real property, including any right, title, and interest" therein, is subject to forfeiture and that this language is surely intended to include the homestead estate. We cannot agree. The State's proposed construction of the two statutory schemes would result in a direct conflict between the two statutes and would, in effect, abrogate the homestead exemption statute, denying it effect in the case of a drug forfeiture. This we cannot accept in the absence of a clear expression in the forfeiture statutes that this is the legislative intent.

The homestead exemption is to be liberally construed to effect its remedial purpose. (*Bank of Illmo v. Simmons* (1986), 142 Ill. App. 3d 741, 744, 492 N.E.2d 207, 211.) By its own terms it applies to the involuntary taking of real property for any purpose. Furthermore, it has been held that the estate cannot be divested even by the commission of criminal acts. (*In re Estate of Millhouse* (1978), 60 Ill. App. 3d 549, 552, 377 N.E.2d 382, 385.) Where even a deed must contain specific and explicit language to convey the homestead estate (*Holterman v. Poynter* (1935), 361 Ill. 617, 627, 198 N.E. 723, 727), we cannot conclude that the legislature intended to deny the homestead exemption in the case of a drug forfeiture without clear and explicit language in the forfeiture statute to that effect.

Finally, our construction of the statutes is consistent with that principle of statutory construction that we must construe statutes which are in apparent conflict so as to give effect to both. (*Welch v. Stocks* (1987), 152 Ill. App. 3d 1, 5, 503 N.E.2d 1079, 1081-82.) Our construction of the statutes eliminates the perceived conflict between

the homestead exemption and the forfeiture statutes and gives effect to the legislative intent and purposes expressed in both statutes. When two legislative schemes do not seem completely compatible, they should be interpreted so that meaning and effect is given to each statute. (*Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452, 456, 512 N.E.2d 812, 814.) This we have done.

Finally, the State argues that the later enactment, the forfeiture provisions, control over the earlier enactment, the homestead exemption. We note, however, that this rule of construction applies only where the two statutes are irreconcilable. (*People v. Williams* (1989), 191 Ill. App. 3d 119, 120, 547 N.E.2d 668, 669.) We have already found that these two statutes are not irreconcilable.

For the foregoing reasons, we affirm the judgment of the circuit court of Williamson County holding that the homestead exemption of section 12—901 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 12—901) does apply to the forfeiture of real property under section 505(a)(6) of the Controlled Substances Act.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.