THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. $8,450 UNITED STATES CURRENCY, Defendant (Bernard M. Joseph, Claimant-Appellee).

Second District   No. 2—94—1251

Opinion filed December 18, 1995.

David R. Akemann, State's Attorney, of St. Charles (Heidi Baxter, Assistant State's Attorney, and William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Vincent C. Argento, of Elgin, for appellee.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

The State appeals the trial court's order forfeiting $6,100 pursuant to section 505(a)(5) of the Illinois Controlled Substances Act (Controlled Substances Act) (720 ILCS 570/505(a)(5) (West 1994)). The State contends that the trial court erred in granting claimant, Bernard Joseph, a $2,000 personal property exemption (see 735 ILCS 5/12—1001(b) (West 1994)). We affirm as modified.

The State filed a complaint seeking the forfeiture of $8,450 and a triple beam scale found in claimant's apartment. The police also found cocaine and a cutting agent in the apartment. The court found that $350 was not subject to forfeiture, although the remaining $8,100 was subject to forfeiture. However, the court agreed with claimant that he was entitled to a $2,000 exemption under section 12—1001(b) of the Code of Civil Procedure (Code) (735 ILCS 5/12—1001(b) (West 1994)). The court relied on *People v. One Residence Located at 1403 East Parham Street* (1993), 251 Ill. App. 3d 198, to find that claimant was entitled to the personal property exemption of section 12—1001(b) of the Code. The *1403 East Parham* court held that the homestead exemption (735 ILCS 5/12—901 (West 1994)) applied to the forfeiture of real property used to facilitate a drug offense. (*1403 East Parham*, 251 Ill. App. 3d at 203.) The trial court therefore ordered that only $6,100 was forfeited. The State timely appealed.

■ The State contends that the trial court erred in finding that the personal property exemption of section 12—1001 of the Code (735

ILCS 5/12—1001 (West 1994)) applies to forfeiture proceedings. Claimant asserts that we should find several of the State's arguments waived because it failed to make those arguments in the trial court. The waiver rule is an admonition to the parties, not a limitation on the jurisdiction of the reviewing court. (*Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 211.) Because of our responsibility to reach a just result and maintain a uniform body of precedent (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225) on this legal question, we decline to apply the waiver doctrine here.

■ The money was subject to forfeiture pursuant to section 505(a)(5) of the Controlled Substances Act, which states that all proceeds traceable to a drug transaction and all money used or intended to be used to commit or facilitate a drug transaction are forfeitable. (720 ILCS 570/505(a)(5) (West 1994).) The Drug Asset Forfeiture Procedure Act (Forfeiture Act) applies to all property forfeitable under the Controlled Substances Act. (725 ILCS 150/1 (West 1994).) The Forfeiture Act provides a list of exemptions from forfeiture (see 725 ILCS 150/8 (West 1994)), but does *not* refer to the exemptions provided in section 12—1001 of the Code.

■ Section 12—1001 of the Code provides, in relevant part:

"The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

\*\*\*

(b) The debtor's equity interest, not to exceed $2,000 in value, in any other property." 735 ILCS 5/12—1001(b) (West 1994).

The determination of whether section 12—1001 of the Code applies to proceedings under the Forfeiture Act requires us to interpret the statutes. The primary rule of statutory interpretation is to ascertain and give effect to the legislative intent. This is derived from the language of the statute, as evaluated as a whole, with each provision construed in connection with every other section. (*Bonaguro v. County Officers Electoral Board* (1994), 158 Ill. 2d 391, 397.) When a statute is unambiguous, a court is not free to depart from the plain language by reading into the statute exceptions, limitations, or conditions. (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189.) Courts also must consider the reasons and necessity for the enactment, the evils to be remedied, and the purpose of the statute. *Collins v. Board of Trustees of the Fireman's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.

■ The unambiguous language of section 12—1001 of the Code shows that it applies only to attachments, judgments, or distress for rent. (735 ILCS 5/12—1001 (West 1994).) It does not state that it applies to forfeitures or to fines. As the State points out, a forfeiture

proceeding is *in rem* (see, *e.g.*, 725 ILCS 150/9 (West 1994)); there is no debtor. Thus, section 12—1001 cannot apply because it exempts property "owned by *the debtor*" (emphasis added) (735 ILCS 5/12—1001 (West 1994)). The Forfeiture Act provides its own exemptions. (See 725 ILCS 150/8 (West 1994).) The enumeration of exceptions in a statute will be construed as an exclusion of all others. (*State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 250.) We determine that, according to the plain language of both statutes, section 12—1001 of the Code does not apply to proceedings under the Forfeiture Act.

Despite this clear statutory language, the trial court relied on *1403 East Parham* to find that the exemption applied. The trial court's reliance on *1403 East Parham* was misplaced. First, that case pertained to the homestead exemption and based its analysis solely on the purpose of that exemption. (*1403 East Parham*, 251 Ill. App. 3d at 201-04.) Second, and more importantly, the analysis of *1403 East Parham* is flawed. The court there stated that the object of the Forfeiture Act is to impose a *civil* penalty in addition to criminal penalties. (*1403 East Parham*, 251 Ill. App. 3d at 202.) However, despite its label as civil, a forfeiture is a punishment for double jeopardy purposes when its goal is either retribution or deterrence. (*United States v. Halper* (1989), 490 U.S. 435, 448, 104 L. Ed. 2d 487, 502, 109 S. Ct. 1892, 1902.) Similarly, in *Austin v. United States* (1993), 509 U.S. 602, 621-22, 125 L. Ed. 2d 488, 505-06, 113 S. Ct. 2801, 2812, the United States Supreme Court held that a civil forfeiture for a drug offense is a criminal punishment. Typically, it is a criminal punishment exacted through civil proceedings.

The Forfeiture Act itself states that its intent is deterrence. (725 ILCS 150/2 (West 1994).) In addition, the innocent owner exemptions of the Forfeiture Act (725 ILCS 150/8 (West 1994)) show that the purpose of the forfeiture is punishment. (See *Austin*, 509 U.S. at 619-20, 125 L. Ed. 2d at 503-04, 113 S. Ct. at 2810-11.) This punitive goal would be thwarted if the personal property exemption or the homestead exemption applied, particularly where the value of the property is less than $7,500 or the amount of currency is less than $2,000. Under the logic of *1403 East Parham*, even street value fines would be subject to the exemption. Moreover, the application of the exemption raises a serious question: would the forfeiture proceeding act as a double jeopardy bar to criminal prosecution if the entire amount forfeitable was exempt? Clearly, the interpretation of the statutes advocated by *1403 East Parham* is unreasonable and unworkable. Courts reject the interpretation of a statute which would lead to absurd or unjust results. *Collins*, 155 Ill. 2d at 110.

That the Forfeiture Act's exemptions apply only to innocent own-

ers reflects its punitive purpose, and those who knowingly used or allowed their property to be used for drug transactions or offenses should not be allowed to profit in any way. Contrary to the court in *1403 East Parham*, 251 Ill. App. 3d at 200-01, we conclude that the legislative intent was to exclude all exemptions except those for innocent owners as defined in the Forfeiture Act. The legal maxim, "*inclusio unius est exclusio alterius*," stands for the proposition that the mention of one thing implies the exclusion of another. (See *Rochelle Disposal Service, Inc. v. Pollution Control Board* (1994), 266 Ill. App. 3d 192, 201 ("the inclusion of one is the exclusion of the other"); *Bank of Waukegan v. Kischer* (1993), 246 Ill. App. 3d 616, 620.) This interpretation fosters the punitive purpose of the statute and comports with the legislature's delineation of exemptions it determined ought to apply to this type of proceeding.

*Holterman v. Poynter* (1935), 361 Ill. 617, on which *1403 East Parham* relied, is inapposite because the exemption in that case was sought in a forcible entry and detainer action; it was not a forfeiture case. The reliance on the statement that " '[n]either fraud, nor even the commission of a criminal offense, can work a release or forfeiture of the right of homestead' " (*Holterman*, 361 Ill. at 625, quoting *Leupold v. Krause* (1880), 95 Ill. 440, 445) is misplaced. The court in *Leupold* was referring to fraud or a criminal offense committed to procure the right in the property, not a forfeiture for the criminal use of the property. (*Leupold*, 95 Ill. at 444-45.) Prior to *1403 East Parham*, the exemption has been claimed only in civil proceedings involving a civil penalty or judgment, not against a criminal penalty or fine. See, *e.g.*, *In re Estate of Millhouse* (1978), 60 Ill. App. 3d 549 (allowing homestead exemption against civil judgment for reimbursement for former spouse's embezzlement); *People v. Stitt* (1880), 7 Ill. App. 294 (same).

Moreover, we do not believe that the Forfeiture Act is at odds with either section 12—1001 or the homestead exemption. Property that is used in the drug trade is forfeitable as *derivative contraband*. (See *People ex rel. Waller v. $4,175 United States Currency* (1993), 239 Ill. App. 3d 857, 863.) The trial court here found that the currency at issue was derivative contraband, *i.e.*, used in the perpetration of an unlawful act (*Kromeich v. City of Chicago* (1994), 258 Ill. App. 3d 606, 611-12), and therefore was forfeitable. Neither exemption indicates that it applies to contraband. The plain language of section 12—1001, as noted above, and that of the homestead exemption states that those exemptions apply only against a judgment, attachment, a distress for rent or a levy; it does not state that they apply against a forfeiture or when the property is contraband. (See 735 ILCS 5/12—

901, 12—1001 (West 1994).) In fact, the purpose of both exemptions, to secure for the judgment debtor the necessary shelter and personal property against the debtor's "improvidence or financial misfortune" (*Holterman*, 361 Ill. at 626; *State Bank v. Nelson* (1985), 132 Ill. App. 3d 120, 122-23), indicates that the exemptions should not apply to forfeitures, which are designed to punish.

Finally, the forfeiture of ill-gotten gains does not implicate the interests of the exemption statutes. Only that property which is used or intended for use to facilitate a drug offense and any property traceable to a drug transaction are subject to forfeiture. (See 720 ILCS 570/505(a) (West 1994).) The claimant is allowed to retain all property which is not used to facilitate a drug offense or is not traceable to a drug transaction. By contrast, all property and real estate of the judgment debtor, except that which is exempt by statute, may be sold to satisfy the judgment. (735 ILCS 5/12—112 (West 1994).) Consequently, the forfeiture will not deprive the claimant of any lawful property or support, so that the protections of the exemption statutes are not necessary. We therefore hold that the rationale of the *1403 East Parham* case attempting to reconcile the personal property exemption with the Forfeiture Act does not require or suggest the exemption of the $2,000 declared to be derivative contraband by the trial court.

We conclude that the trial court erred in ordering $2,000 returned to claimant. Therefore, pursuant to our power under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we modify the judgment so that $8,100 is forfeited.

The order of the circuit court of Kane County is affirmed as modified.

Affirmed as modified.

GEIGER and RATHJE, JJ., concur.