11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Lot 39,
Section C, Northern Hills Subdivision, Grayson County, Texas 

Appellant

Vs.      
            No. 11-01-00244-CV  -- 
Appeal from Grayson County

State of Texas

Appellee

 

The issue
in this case is whether a homestead is protected from forfeiture in a
proceeding brought by the State pursuant to TEX. CODE CRIM. PRO. ANN. art.
59.01 et seq. (Vernon Pamph. Supp. 2002)(hereinafter referred to as Chapter
59).  The State sought the forfeiture of
Lot 39, Section C, Northern Hills Subdivision, Grayson County, Texas.  This property was Daniel Helm=s homestead, and Helm asserted that it was
exempt from forfeiture pursuant to TEX. CONST. art. XVI, ' 50 and TEX. PROP. CODE ANN. ' 41.001 (Vernon Supp. 2002).  The trial court rejected Helm=s contentions and ordered that his homestead
be forfeited.  In his sole issue on
appeal, Helm argues that the homestead exemption precludes the forfeiture of
his residence.  We affirm.  

The parties
stipulated that Helm possessed methamphetamine at his house on two different
occasions when search warrants were executed. 
Items used in the manufacture of methamphetamine were seized from within
the residence, the shed, and the nearby field. 
These items included an Herlich Meyer flask, a substantial quantity of
purified pseudoephedrine, denatured alcohol, acetone, about 27 empty
pseudoephedrine bottles, a gallon sprayer, coffee filters that had been used to
extract the pseudoephedrine, a set of triple beam scales, and a set of digital
scales.  Also seized were $1,535 in
cash, several firearms and holsters, and a bulletproof vest.  The evidence indicated that the extraction of
the pseudoephedrine had occurred inside the residence.  








Pursuant
to Articles 59.01(2) and 59.02, Acontraband@ that
is subject to forfeiture includes real property that is used or intended to be
used in the commission of a felony under the Texas Controlled Substances
Act.  The evidence indicated that Helm=s homestead was being used in such a manner.

The Texas
constitutional provision declaring the exemption for homesteads is Article XVI,
section 50, which provides: 

The homestead of a family, or of a single adult person, shall be, and
is hereby protected from forced sale, for the payment of all debts.
(Emphasis added)

The statutory provision,
Section 41.001, similarly provides that a homestead is Aexempt from seizure for the claims of
creditors.@ (Emphasis added)  The enumerated exceptions to these provisions are not applicable
to the issue in this case but, rather, provide exceptions for debts such as
purchase money and property taxes.  

Although
the issue in this case appears to be one of first impression in Texas, there
are a few published opinions from Texas courts that indicate a homestead was
forfeited pursuant to Chapter 59 because of drug-related activity.  See Romero v. State, 927 S.W.2d 632 (Tex.1996);
Bochas v. State, 951 S.W.2d 64 (Tex.App. - Corpus Christi 1997, writ den=d); State v. One (1) Residence Located at
1204 North 12th Street, Alamo, Texas, 907 S.W.2d 644 (Tex.App. - Corpus Christi
1995, no writ); Ex parte Camara, 893 S.W.2d 553 (Tex.App. - Corpus Christi
1994, pet=n ref=d).  None of these cases,
however, dealt with the homestead exemption. 
Nonetheless, there is one Texas case in which the court addressed the
homestead exemption and held that it did not protect a homestead from public nuisance
laws.  1018-3rd Street v. State, 331
S.W.2d 450 (Tex.Civ.App. - Amarillo 1959, no writ).  In 1018-3rd Street, the court upheld the closing and
padlocking of a house for a period of one year upon the finding that the house,
which was the defendant=s homestead, had been used in violation of the Texas liquor laws.  








The
parties in this case rely on caselaw from other states.  The issue has been addressed in other states
with similar homestead exemptions, and the outcomes are varied.  Courts in Florida, Illinois, Iowa, Kansas, and
Oklahoma have held that homesteads are protected from seizures and forfeitures
based upon the occurrence of criminal offenses.  Tramel v. Stewart, 697 So.2d 821 (Fla.1997); Butterworth v.
Caggiano, 605 So.2d 56 (Fla.1992); People v. One Residence Located at 1403 East
Parham Street, 251 Ill. App. 3d 198, 621 N.E.2d 1026 (1993); In re Bly, 456
N.W.2d 195 (Iowa 1990); State ex rel. Braun v. A Tract of Land in the Northwest
Quarter of Section Four, Township Eleven South, Range Nineteen West of the 6th
P.M., Ellis County, Kansas, 251 Kan. 685, 840 P.2d 453 (1992); State ex rel.
Means v. Ten (10) Acres of Land, 877 P.2d 597 (Okla.1994).  Courts in Arizona, Colorado, and Washington
have held that their respective homestead exemption applies to protect
homesteads from forced sales arising from the owner=s debts but does not apply to protect
homesteads from forfeitures brought about by the owner=s use of the property to conduct criminal
activity.  See In re Parcel of Real
Property Known as 1632 N. Santa Rita, Tucson, 166 Ariz. 197, 801 P.2d 432
(Ariz. Ct. App. 1990, review den=d); People v. Allen, 767 P.2d 798 (Colo. Ct. App. 1988); Tellevik v.
Real Property Known as 6717 100th Street S.W., Located in Pierce County, 83
Wash. App. 366, 921 P.2d 1088 (1996), review den=d, 133 Wash. 2d 1029, 950 P.2d 476 (1998). 

We find
the reasoning of the courts in Arizona, Colorado, and Washington to be
persuasive.  We note that Helm=s reliance on the cases from Florida,
Illinois, Iowa, and Kansas is misplaced because the homestead provisions in
those states contain broader exemption language than the Texas provisions and
are, therefore, distinguishable.  In
Florida, homesteads are exempt from forced sale under process of any court.  In Illinois, homesteads are exempt from
attachment or judgment for the payment of debts or other purposes.  In Iowa, homesteads are exempt from judicial
sale unless there is a special statutory declaration to the contrary.  In Kansas, homesteads are exempt from forced
sale under any process of law.  In none
of those states is the homestead exemption limited to seizures based upon the
owner=s debts. 
We concede, however, that the homestead exemption in Oklahoma is limited
to seizures based upon the owner=s debts and that the homestead provision is not distinguishable from
ours.  However, we disagree with the
Oklahoma court=s holding in State ex rel. Means in
which the court disregarded the limiting language of the homestead provision
and held that the homestead was protected and that the homestead exemption was
not limited to forced sales for the payment of debts.  








Although
conscious that the homestead exemption is to be construed liberally[1]
and that forfeiture statutes are to be strictly construed in a manner favorable
to the person whose property is being seized,[2]
we do not believe the homestead exemption can be construed to protect Helm=s homestead from foreclosure in this
case.  The Texas constitutional and
statutory provisions pertaining to the homestead exemption specifically
indicate that homesteads may not be seized or subjected to forced sales for the
payment of the owner=s
debts or the claims of creditors.  The
forfeiture of real property based upon the owner=s use of that property to conduct criminal activity, such as the
manufacture or delivery of methamphetamine, is not a forfeiture for the payment
of the owner=s debts or the claims of creditors.  

The court
in 1018-3rd Street recognized that the Texas homestead exemption was
created as a direct result of the loss to creditors of numerous homestead farms
during the depression.  The court stated
that the purpose of the homestead exemption was to preserve the integrity of
the family and to provide the debtor with a home and a means to support his
family.  We find the following language
to be instructive:

 Neither in this history, nor in any reliable
Texas case book authority, do we find even a suggestion that our forebearers
conceived of a homestead exemption for the purpose of erecting a barrier behind
which criminals might ply their trades while thumbing their noses at law
enforcement officers diligently and sincerely seeking to enforce prohibitions
residents of the area had expressed a desire for at the ballot box.  

Therefore, since it seems apparent that our statutes which make
provisions for the action taken herein do not except homesteads and the
constitution of Texas does not prohibit such statutory authority we see no good
reason why a homestead should protect persons in such operations as the
evidence shows were being conducted in this case.  

1018‑3rd Street v.
State, supra at 454.  Likewise, we hold
that the homestead exemption does not protect a homestead from being seized or
forfeited under Chapter 59.  Helm=s sole issue on appeal is overruled.  

The
judgment of the trial court is affirmed. 


 

JIM R. WRIGHT

August 22, 2002                                                                       JUSTICE

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]See Andrews v. Security Nat. Bank of Wichita Falls, 50
S.W.2d 253, 256 (Tex.1932); Woods v. Alvarado State Bank, 19 S.W.2d 35
(Tex.1929).  





     [2]See State v. Lot 10, Pine Haven Estates, 900 S.W.2d
400, 402 (Tex.App. - Texarkana 1995, no writ); State v. Young=s Market Company, 369 S.W.2d 659, 662 (Tex.Civ.App. -
Eastland 1963, writ ref=d n.r.e.).