LONNIE YOUNT, Plaintiff-Appellee, *v.* HESSTON CORPORATION, Defendant-Appellant.

Second District No. 83—803

Opinion filed June 6, 1984.

944

Henry J. Close, of Connolly, Hickey & Oliver, of Rockford, for appellant.

George Fischer, of Oregon, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Hesston Corporation (Hesston), brings this interlocutory appeal, pursuant to Supreme Court Rule 308(a)(87 Ill. 2d R. 308(a)), from an order of the trial court which denied its motion to dismiss the complaint of the plaintiff, Lonnie Yount. On appeal, the defendant contends (1) that the trial court incorrectly concluded that the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*) abrogated the rights which article I, section 19, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, sec. 19) granted to the plaintiff and, hence, amounted to an unconstitutional exercise of legislative power by the Illinois General Assembly; and (2) that the court below improperly denied its motion to dismiss the plaintiff's complaint.

On May 27, 1983, the plaintiff filed a complaint against the defendant that contained the following factual allegations, which must be accepted as true for purposes of adjudicating the propriety of the trial court's refusal to grant the defendant's motion to dismiss (see *Greenholdt v. Illinois Bell Telephone Co.* (1982), 107 Ill. App. 3d 748, 753). According to the allegations of the complaint, the plaintiff began working for Hesston in 1974 and received periodic promotions and pay raises from 1974 thru 1981. In 1976 the plaintiff became mentally ill and, with the knowledge and cooperation of Hesston, visited a mental health facility for treatment. The plaintiff's mental handicap did not prevent him from performing his work duties in accordance with the standards that Hesston demanded. On February 19, 1982, Hesston terminated the plaintiff's employment. The plaintiff alleged that by discharging him the defendant violated his rights under both section 19 of article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, sec. 19) and section 2—100 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 91½, par. 2—

100).

The defendant responded to the complaint with a motion to dismiss under section 2—619(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(1)), which alleged that the trial court did not have jurisdiction of the subject matter of the litigation. In particular, Hesston's motion stated that the IHRA governs actions for employment discrimination based on a mental handicap and implements the provisions of article I, section 19, of the Illinois Constitution. The motion to dismiss alleged, in addition, that the IHRA specifically precludes access to the courts of Illinois for redress of a purported civil rights violation except for administrative review of the decision of the Illinois Human Rights Commission. Hesston concluded that the court was without jurisdiction to hear the complaint, because the plaintiff did not bring his action pursuant to the provisions of the IHRA.

Shortly thereafter, the plaintiff filed a response to the motion to dismiss in which he alleged that the IHRA was not the exclusive avenue for seeking judicial redress of a discriminatory discharge from employment based on a mental handicap.

In an appendix to his brief, the plaintiff includes certified transcripts of the reports of proceedings of the two hearings the trial court held relative to the motion to dismiss. We note that although the reports of proceedings were not made a part of the record on appeal, the defendant does not challenge the authenticity of those transcripts in its reply brief. After the defendant argued at the initial hearing that the IHRA provided the exclusive remedy for the plaintiff's cause of action, the trial court concluded, without the plaintiff specifically raising the argument, that to the extent the IHRA was viewed as the exclusive judicial remedy, the IHRA was an unconstitutional exercise of legislative power by the Illinois General Assembly, because it abrogated the rights which article I, section 19, of the Illinois Constitution of 1970 accorded mentally-ill persons within Illinois. Accordingly, the court below denied the defendant's motion to dismiss.

The court stated that its order involved a constitutional question of law concerning the IHRA, regarding which there was a substantial ground for a difference of opinion, and that an immediate appeal from the order would materially advance the ultimate determination of the lawsuit. (See 87 Ill. 2d R. 308(a).) Thereafter, this court granted the defendant permission to maintain the present interlocutory appeal pursuant to Supreme Court Rule 308(a).

Hesston argues in its initial brief that the trial court incorrectly

determined that the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*) amounted to an unconstitutional abrogation by the State legislature of the plaintiff's rights under article I, section 19, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I. sec 19). Continuing, Hesston asserts that if the IHRA was not an unconstitutional exercise of legislative power, then it naturally follows, under section 8—111(D) of the IHRA (Ill. Rev. Stat. 1981, ch. 68, par. 8—111(D)), that the plaintiff is precluded from bringing a direct cause of action under section 19 of article I of the 1970 Illinois Constitution. In addition, the defendant maintains that the provisions of section 2—100 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 911/2, par. 2—100) are inapplicable to the present case. Accordingly, the defendant concludes that the trial court improperly denied its motion to dismiss and requests that this court remand the cause for entry of an order dismissing the plaintiff's complaint.

In his brief, the plaintiff concedes that the IHRA is a constitutional exercise of legislative power; he states that he will not and cannot defend the propriety of the trial court's order finding the IHRA to be unconstitutional. In addition, the plaintiff acknowledges, in harmony with the defendant's position, that section 2—100 of the Mental Health and Developmental Disabilities Code is not germane to his lawsuit. The plaintiff states, however, that the real issue before this court is whether, notwithstanding the provisions of the IHRA, he can maintain a private cause of action directly under section 19 of article I of the current Illinois Constitution. He concludes that he can and asks this court to adopt his position.

In its reply Hesston counters that, under the jurisprudence emanating from *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, the plaintiff's direct action for relief under article I, section 19, of our constitution was either preempted by the procedures set forth in the IHRA, or was untenable because the plaintiff failed to exhaust his administrative remedies under the IHRA before filing suit in the circuit court. Also, the defendant asserts that even if the plaintiff could maintain a private cause of action under the provisions of section 19 of article I of the Illinois Constitution, he cannot do so in this case, because his claim of unlawful discharge does not fall within the ambit of the "hiring and promotion practices" language of the constitutional enactment.

■ With respect to the question whether the IHRA was an unconstitutional legislative enactment in the sense that it preempted or limited the plaintiff's access to court under section 19 of article I of this State's constitution, we agree with the parties that the trial

court's order finding the IHRA to be unconstitutional was erroneous. The plaintiff notes correctly that a statute enjoys the presumption of validity, and all reasonable doubts must be resolved in favor of the legislation. (*Freeman United Coal Mining Co. v. Fair Employment Practices Com.* (1983), 113 Ill. App. 3d 19, 27.) Moreover, as the court in *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, 883 stated, "[t]he limitations, administrative procedures and remedies of the Human Rights Act *** are reasonable and were enacted with proper authority."

Regarding the applicability of section 2—100 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 911/2, par. 2—100) to this case, the parties are in agreement, and we concur with their judgment, that that section has no relevance to the current lawsuit.

■ The real, disputed issue in this appeal is whether the plaintiff is precluded from bringing a private cause of action, under I, section 19, of the constitution, for employment discrimination based on a mental handicap, in circumstances where there is no evidence in the record that the plaintiff exhausted his administrative remedies under the IHRA prior to commencing the current action.

Section 17 of article I of the Illinois Constitution states as follows:

> "All persons shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in the hiring and promotion practices of any employer or in the sale or rental of property.
>
> These rights are enforceable without action by the General Assembly, but the General Asembly by law may establish reasonable exemptions relating to these rights and provide additional remedies for their violation." Ill. Const. 1970, art. I, sec 17.

Section 19 of article I of our constitution provides the following:

> "All persons with a physical or mental handicap shall be free from discrimination in the sale or rental of property and shall be free from discrimination unrelated to ability in the hiring and promotion practices of any employer." Ill. Const. 1970, art. I, sec 19.

In 1979, the legislature passed the Illinois Human Rights Act, which repealed and superseded the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et seq.*); the IHRA incorporated substantially all the provisions found in the FEPA. (*Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 897.) With respect to all individuals within this State, the IHRA sought to provide, among

other things, freedom from numerous forms of discrimination, including discrimination in employment based on a mental handicap. (Ill. Rev. Stat. 1981, ch.68, par. 1—102(A).) Also, the IHRA declared that it was the public policy of this State "[t]o secure and guarantee the rights established by Sections 17, 18 and 19 of Article I of the Illinois Constitution of 1970." (Ill. Rev. Stat. 1981, ch.68, par. 1—102(c).) In addition, the IHRA provided for judicial review of the decision of the Illinois Human Rights Commission (Ill. Rev. Stat. 1981, ch. 68, par. 8—111(A)(1)); however, the IHRA stated that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." Ill. Rev. Stat. 1981, ch.68, par. 8—111(D).

In *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, the court addressed the question whether the plaintiff could maintain an action for employment discrimination directly under article I, section 17, of the 1970 Constitution of Illinois without first exhausting the administrative remedies prescribed in the Illinois Human Rights Act. In reaching its decision that he could not, the court explained that the statutory scheme of the IHRA, which sought to protect and enforce the rights of section 17 of article I of the constitution, effectively barred the plaintiff from bringing a direct cause of action until he had exhausted his administrative remedies. The court rejected specifically the plaintiff's contentions that the IHRA provided an independent remedy for violations of the rights which the constitution guaranteed, and that his failure to comply with the provisions of the statute could not bar a direct cause of action under the constitution. 120 Ill. App. 3d 878, 880-83.

In *dicta*, the court in *Thakkar* determined that a review of the detailed legislative scheme of the IHRA suggested persuasively that the legislature intended the Act to be the preemptive vehicle for the resolution of employment discrimination cases in this State. 120 Ill. App. 3d 878, 881, 883.

A recent Federal case also is instructive in this regard. In *Curtis v. Continental Illinois National Bank* (N.D. Ill. 1983), 568 F. Supp. 740, 742-43, the court concluded that the plaintiff could not maintain a cause of action, arising out of alleged employment discrimination, directly under article I, section 17, of the Illinois Constitution. In rejecting the plaintiff's claim that he was entitled to bring a direct private right of action, the court concluded that where there exists a comprehensive legislative mechanism, such as the IHRA, which is designed expressly to implement the rights found in section 17 of article I, "it would be improper to permit a direct suit which bypasses the

procedural plan established by the legislature, and instead looks directly to the constitution." 568 F. Supp. 740, 742; *Armstrong v. Freeman United Coal Mining Co.* (1983), 112 Ill. App. 3d 1020, 1022-23.

Although the *Thakkar* and *Curtis* cases dealt with article I, section 17, of the constitution, their rationales and results are applicable equally to section 19 of article I of our constitution. Accordingly, under the holding of *Curtis* and the *dicta* expressed in *Thakkar*, the IHRA was the exclusive remedy for the plaintiff to have pursued in this case. Because the plaintiff was not entitled to maintain an independent, private cause of action under article I, section 19, of the constitution, the current lawsuit was not properly before the trial court.

■■ The plaintiff argues that a private right of action is available to him under article I, section 19, by virtue of the enforcement language contained in section 12 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 12), which provides that all individuals shall find a certain remedy in the law for each wrong suffered. Section 12 of article I sets forth a clear mandate to the courts that whenever the legislature has failed to provide a remedy, the judiciary must do so. (*Skelly Oil Co. v. Universal Oil Products Co.* (1949), 338 Ill. App.79, 84.) Here, the legislature has provided a legal remedy for such alleged discriminatory employment practices under the comprehensive procedures set forth in the IHRA. Thus, the plaintiff's reliance on section 12 in this case is misplaced.

■■ Even if we were disposed to accept the plaintiff's argument that the IHRA did not bar an independent action in this case under section 19 of article I of our constitution, the plaintiff nonetheless would not be entitled to pursue such a claim under the allegations of his complaint. The plain language of section 19 limits a claim of employment discrimination based on a mental handicap to "the hiring and promotion practices of any employer." The same language is included in section 17 of article I of the Illinois Constitution, which the appellate court has had occasion to construe recently on two occasions. In *Greenholdt v. Illinois Bell Telephone Co.* (1982), 107 Ill. App. 3d 748, 751-52, the court conclude that the commonly understood meaning of "hiring and promotion practices" does not include all employment practices. More relevant to the court's consideration in the present case is the holding in *Thakkar v. Wilson Enterprises, Inc.* (19830, 120 Ill. App. 3d 878, 883-84, that the phrase in question does not encompass cases involving termination and discharge from employment. This holding in *Thakkar* provides another reason for the dismissal of the plaintiff's complaint in the present case, because his action is predicated on the alleged unlawful termination of his employ-

ment.

For the reasons expressed above, the trial court incorrectly denied the defendant's motion to dismiss. Because the trial court did not have jurisdiction over the subject matter of the present lawsuit, the plaintiff's complaint should have been dismissed pursuant to the defendant's motion.

We, therefore, reverse the judgment of the circuit court of Ogle County and remand the cause to the trial court with instructions to dismiss the cause of action.

Reversed and remanded with directions.

HOPF AND NASH, JJ., concur.