No. 3--02--0620

_________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

 ) 

MONTALBANO BUILDERS, INC., ) Appeal from the Circuit Court

) for the 12th Judicial Circuit,

Plaintiff-Appellant ) Will County, Illinois

)

v. ) 

) No. 99--MR--522

DAVID RAUSCHENBERGER, ) 

Indiv. and d/b/a ) 

Rauschenberger Contractors, ) Honorable Gilbert Niznik,

) Judge, Presiding 

Defendants-Appellees, ) 

)

)

(Bolingbrook Park District, a )

Municipal Corporation, )

)

Defendant). )

_________________________________________________________________

PRESIDING JUSTICE McDADE delivered the opinion of the court:

_________________________________________________________________

In this contract dispute, the plaintiff, Montalbano Builders, complained that defendants, David Rauschenberger and Rauschenberger Contractors, failed to complete work they had contracted to do.  Rauschenberger counterclaimed for payment.  During discovery defendants sought plaintiff’s 
admission to certain facts.  Plaintiff failed to timely respond, claiming not to have received the discovery request.  Plaintiff’s motion to tender a response more than five months after the service of the request to admit was denied.  The facts deemed to have been admitted served as the basis for the court’s order granting partial summary judgment in favor of defendants.  Plaintiff appeals the denial of the motion for leave to file a late response and the award of partial summary judgment.  We affirm. 

FACTS

The plaintiff, Montalbano Builders, alleges that the defendants, David Rauschenberger and Rauschenberger Contractors (Rauschenberger or defendants) failed to satisfactorily complete work for which Montalbano had contracted. Specifically, Montalbano alleged that it had contracted with Rauschenberger for the completion of work on property that was to be conveyed as improved to the Bolingbrook Park District. Under the agreement, Rauschenberger committed to grade and seed a detention basin on the property. Montalbano alleged in the complaint that the work was not satisfactorily completed and sought damages in the form of compensation for money paid to have the work completed by another firm. 

In response, Rauschenberger filed a five-count counterclaim. Count I alleged that Rauschenberger completed the detention pond and that Montalbano was in breach of the contract by refusing to pay $95,360 due for material and labor.  Count II  sought to enforce a mechanic's lien on the property. Count III alleged that Montalbano breached a contract with Rauschenberger by failing to pay $53,225.68 for improvements done by defendants in a subdivision owned by Montalbano. Count IV alleged that Montalbano refused to pay for a timber wall constructed at its request. The counterclaim alleged that Montalbano owed $11,500 for the wall and $500 for various mowing duties.  In count V Rauschenberger asserted that Montalbano owed $3,024.38 for mowing work on various Montalbano properties. Count VI complained of intentional interference with a prospective business advantage. Montalbano subsequently filed an answer, in which it denied the allegations of the counterclaim.  

On November 16, 2000, Rauschenberger's attorney filed proof with the court of service of a document entitled “Request to Admit Fact Pursuant to Supreme Court Rule 216" on Montalbano's attorney. Approximately two months passed during  which Rauschenberger did not receive a response to the request to admit. On January 12, 2001, Rauschenberger filed a motion for partial summary judgment, using as a basis the facts that were admitted by Montalbano's failure to respond to the request for admission.

Montalbano filed a motion to bar on February 9, 2001,
 
in which it sought to prevent the use of certain evidence obtained during discovery for the purpose of supporting Rauschenberger’s motion for partial summary judgment. The motion also sought an extension of the deadline for the end of written discovery and reported that Montalbano had not received the request for admission that was mailed on November 9, but it did not elaborate on the point.

 On May 18 2001, Montalbano filed a motion for leave to file a response to the request for admission. In the motion, Montalbano claimed not to have received the request sent on November 9, 2000, until the motion for partial summary judgment was received on January 12, 2001. It claimed that its nonreceipt of the request was good cause for allowing an extension of the deadline to file a response. 

The trial court denied the motion for leave to file a response and considered defendants’ motion for partial summary judgment. The court ruled in favor of Rauschenberger's claims on counts I, III, IV and V. The court then dismissed Montalbano's claims on the basis of 
res judicata
. 

Montalbano argues on appeal that the trial court abused its discretion when it denied leave to respond to the request for admission. It also argues that the request was improper, since it was not a request for the admission of facts but, rather, was legal conclusion. Finally, the plaintiff claims that the trial court erred in granting summary judgment in favor of the defendants on counts I, III, IV, and V of the counter-complaint.

ANALYSIS

Motion for Leave to Respond

Montalbano first argues that the trial court erred in denying it leave to file a late response to Rauschenberger's request for admission. The trial court has the discretion to govern the conduct of pretrial discovery, and its ruling on the motion to grant leave to reply should only be overturned if that discretion was abused. 
Bright v. Dicke
, 166 Ill. 2d 204, 208, 652 N.E.2d 275, 277 (1995). 

In this case, Montalbano has not shown good cause for its attempted late filing. Rauschenberger has proof of service that indicates that the request for admission was sent out on November 9, 2000. Upon receipt, the plaintiff had 28 days to respond, and yet it did nothing for almost two months. The plaintiff claims that this was because it had not actually received the request, and only later learned about it when the facts deemed admitted were used as support in Rauschenberger’s motion for partial summary judgment. 

Despite the plaintiff's protestations to the contrary, this court should presume that, since the request was mailed, it was received four days after 
the date that the notice of service was filed
.
 Tate v. American General Life & Accident Insurance Co.
, 274 Ill. App. 3d 769, 773, 655 N.E.2d 18, 21 (1995); 145 Ill. 2d R 12. To do otherwise would undermine the purpose of having rules mandating forms of service. As our supreme court has noted, "[i]f proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method." 
Bernier v. Schaefer
, 11 Ill. 2d 525, 529, 114 N.E.2d 577, 579 (1957). It is clear that the principle must apply not only to notice, but to the service of discovery documents as well. The rules specify that discovery documents may be served upon a party's attorney of record and that proof of service may be had by an attorney's certificate or by affidavit containing the mailing address to which the documents were sent and the time and place of the mailing. 145 Ill. 2d Rs.11, 120.

These requirements were fulfilled by the attorney for Rauschenberger. The proof of service indicated that the request was sent to the address of Montalbano's attorney of record on November 9, 2000. Michael McGurn, Montalbano's attorney, testified that the address was indeed his. There was no reason given for the failure to respond other than the alleged failure to receive the document.

Nevertheless, there may be circumstances where an extension of time is appropriate. It is conceivable that the plaintiff did not receive the request to admit. Rauschenberger may have accidentally neglected to include the request itself in the envelope. The document may have inadvertently been lost among other papers at Mr. McGurn's office. Attorneys are human, and can make mistakes, and the court should be mindful of this fact when granting or denying relief. Montalbano argues that, despite its failure to comply with the rule, it deserves a chance to do so, in light of the catastrophic consequences of the failure to answer the request. 

Montalbano's argument would be more compelling if it had acted immediately to rectify the situation at the time it realized that it had not responded to a discovery document. Although the plaintiff alleges that it did not receive the request in November 2000, it is undisputed that it received the request, attached to the motion for partial summary judgment, in January of 2001. Montalbano should have immediately attempted to remedy the problem. Instead, the plaintiff filed a "motion to bar" which only briefly mentioned the request to admit. The plaintiff's attorney also wrote a letter to Rauschenberger’s attorney about the claimed failure of delivery, but this in no way apprised the court of the difficulty. Indeed, the court did not learn of the problem until the plaintiff filed its motion for leave to reply, which was submitted in May 2001, four months after the plaintiff acknowledges that it was aware of the existence of the request. No legitimate reason has been given for the four-month delay. In light of the length of the delay and the failure to give an adequate explanation, we find no abuse of discretion in the trial court’s denial of the motion.  The decision should be affirmed.

Motion for Partial Summary Judgment

The plaintiff next argues that the trial court erred in granting summary judgment in favor of Rauschenberger on counts I and III of the countercomplaint. Specifically, the plaintiff contends that the admissions relied on as support for the summary judgment were conclusions of law rather than admissions of fact and were therefore improper.  The trial court's ruling on the motion for partial summary judgment is a matter of law that we will review 
de novo
. We will affirm a grant of summary judgment if the pleadings, depositions, affidavits and admissions show that there are no genuine issues of material fact and if the motion was properly granted as a matter of law. 
Largosa v. Ford Motor Co.
, 303 Ill. App. 3d 751, 753, 708 N.E.2d 1219, 1221 (1999).

The facts set out in the request to admit that was not answered by the plaintiff are, by virtue of the failure to respond, deemed admitted. 
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 125, 660 N.E.2d 863, 872 (1995). 

Count I of the countercomplaint alleged that Rauschenberger was not paid for the detention pond and seed blanket installed at a subdivision owned by Montalbano. Count III of the countercomplaint alleged that Rauschenberger was not paid for the laying of sod and grading of land it completed at another subdivision owned by Montalbano.

By failing to respond to Rauschenberger’s request for admission, the plaintiff admitted to the following with respect to count I: (1) Montalbano entered into an agreement with Rauschenberger in which Rauschenberger was to lay seed bed and install a retention pond on Montalbano property, (2) Rauschenberger completed the work in a timely and workmanlike manner, and (3) as a result of completing the work, Rauschenberger is owed $95,360.60.  With respect to count III, the request for admission states that Montalbano entered into an agreement with Rauschenberger concerning work to be performed at another Montalbano subdivision and that Rauschenberger completed the work in a timely and workmanlike manner and that Montalbano owes Rauschenberger for the work performed.

The plaintiff argues that the “admissions” on which the summary judgment was based were legal conclusions rather than facts. For example, the plaintiff claims that the assertion "the work was done in a timely and workmanlike manner" is conclusory, as is the assertion that Montalbano "owes" Rauschenberger the balance of the contract.  

Preliminarily, these objections appear to have been waived. Rule 216 requires that a party submit a written objection to a requested admission if it is "improper in whole or in part." 134 Ill. 2d R. 216(c). That the request asks the admission of a legal conclusion, rather than of a fact, is improper and requires a written objection, according to the rule. This form of impropriety is no different from any other kind, such as irrelevance or the existence of privilege. The failure of the objecting party to file a written objection ordinarily results in waiver of the issue, and it should be no different in this case. 
P.R.S. International v. Shred Pax Corp.
, 184 Ill. 2d 224, 245, 703 N.E.2d 71, 81 (1998) (Harrison, J., specially concurring). 

Although a party may constructively admit facts, even “ultimate” facts, by failing to respond to a request for admission, a party does not constructively admit ”legal conclusions” by a failure to respond to requests that contain those conclusions.  
Shred Pax
, 184 Ill. 2d at 239, 708 N.E.2d at 78. So, while whether a party paid another party a certain amount of money is a fact that may be included in a request for admission and may be constructively admitted, assertions that a party “breached” a contract or “failed to perform” are legal conclusions that are not appropriately included in a request to admit. 
Shred Pax
, 184 Ill. 2d at 240-42, 703 N.E.2d at 79-80.

First, it must be determined whether the admissions requested by the w Rauschenberger were of facts or were legal conclusions. In Nos. 21, 22, 31, 32, 33, 34 and 35 of its request to admit, Rauschenberger sought admissions by Montalbano that it solicited Rauschenberger to complete certain work for certain sums of money. These admissions are clearly of fact. The assertion that Montalbano asked Rauschenberger to do certain work in exchange for compensation is not a conclusion to be drawn, but a fact that either happened or did not. Therefore, by failing to respond to the request for admission, Montalbano constructively admitted those facts.

In Nos. 23 and 36 of its request for admission, Rauschenberger asserts that it completed the work in a "good and workmanlike manner." Inherent in the assertion that something was done “well” or in a “good manner” or a ”workmanlike manner” are conclusions based on underlying facts concerning the performance of the work. Nevertheless, they are not legal conclusions. The work was either performed well or it was not, but either way, the characterization of the work as “good” or "not good" is a factual conclusion that is permissible in a request for admission. Consequently, the plaintiff admitted the facts by failing to respond.

Finally, in Nos. 24 and 37 of the request, Rauschenberger asserts that certain amounts of money are "due and owing" as a result of the completion of the work. Like the other statements, these are questions of fact rather than legal conclusions. A request seeks admission of a fact rather than a legal conclusion if it requires the finder of fact to "take some analytical step, no matter how small, from the contents of the admissions to the final conclusion that the party seeks to establish."
 Hubeny v. Chairse
, 305 Ill. App. 3d 1038, 1043-44, 713 N.E.2d 222, 226 (1999). Here, the court was required to take an inferential step from the ultimate facts that the agreement had been made to do certain work, that the work had been done, and that the money had not been paid, though it was owed as a result of the work done, to the conclusion that Montalbano was in breach of the contract and that summary judgment in favor of Rauschenberger was appropriate. This required inference leads to the characterization of the statements as questions of fact. Since the request was for admission of factual matters, it was appropriate for the court to rely on them in granting summary judgment. The trial court's ruling is affirmed.

Finally, the plaintiff argues that the trial court erred in granting summary judgment in favor of Rauschenberger on counts IV and V of the countercomplaint. Again, we will review this determination 
de novo
. 
Largosa
, 303 Ill. App. 3d at 753, 708 N.E.2d at 1221.

Affidavits in support of Rauschenberger’s motion for summary judgment on counts IV and V asserted that the plaintiff hired Rauschenberger to construct a "timber wall" on Montalbano property and to perform mowing work on other property. The affidavit asserted that the work was completed as required. The plaintiff has done nothing to establish facts that contradict the facts alleged by the defendants.  Summary judgment, of course, is appropriate when the evidence before the court establishes that there are no disputed issues of fact between the parties and that judgment as a matter of law is appropriate. 735 ILCS 5/2-1005 (West 2002). In this case, since Montalbano has produced no evidence that creates a disputed issue of fact, judgment for Rauschenberger was appropriate. The ruling is affirmed. 

CONCLUSION

Montalbano has not shown that it was error for the court to deny its motion for leave to respond to Rauschenberger’s request for admission. The plaintiff waited over four months from the time when it acknowledges that it was aware of the request and has shown no good cause for the delay. The court did not abuse its discretion in denying the motion. 

The court also did not err in granting summary judgment in favor of Rauschenberger on counts I and III of the countercomplaint. The admissions deemed to have been made by the plaintiff due to its failure to respond to the request to admit were admissions of fact, not legal conclusions, and were sufficient to support summary judgment.   We have made this determination even though it appears that the plaintiff has waived the issue by failing to file a written objection to the requests in the required time frame. 

Finally, the trial court did not err in granting summary judgment in favor of Rauschenberger on counts IV and V of the counterclaim. The plaintiff has not produced anything that would create a disputed issue of fact and thereby preclude summary judgment. Rauschenberger, on the other hand, has alleged facts sufficient to entitle it to summary judgment. We affirm in full the rulings of the trial court.

Affirmed.

SCHMIDT and BARRY, JJ., concur.