# Illinois Official Reports

## Appellate Court

---

**_Metzler v. Katherine Shaw Bethea Hospital_, 2017 IL App (2d) 170001**

---

| | |
|---|---|
| Appellate Court Caption | BRET METZLER, Plaintiff-Appellant, v. KATHERINE SHAW BETHEA HOSPITAL, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-17-0001 |
| Filed | December 13, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Lee County, No. 16-L-13; the Hon. Daniel A. Fish, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Stephen T. Fieweger, P.C., of Davenport, Iowa (Stephen T. Fieweger, of counsel), for appellant.<br><br>Timothy B. Zollinger, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellee. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Justices Burke and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1     This workplace-discrimination and wrongful-termination suit began as a matter of administrative law. When administrative procedures failed to resolve the case, the complainant filed suit in the circuit court of Lee County, which ultimately dismissed the complaint. For the reasons that follow, we reverse and remand.

¶ 2     Plaintiff, Bret Metzler, was employed by defendant, Katherine Shaw Bethea Hospital (KSB), from 1989 to 2013. He was most recently employed as the hospital's "Chemistry Supervisor." Metzler alleged that he was harassed by a female superior, received a negative performance review, was suspended, and was eventually terminated solely because of his sex. After his termination, Metzler filed a complaint alleging unlawful sex discrimination under the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2014)) with the Director of the Illinois Department of Human Rights (Department).

¶ 3     The Act provides for numerous types of civil actions and administrative remedies for unlawful, discriminatory conduct in a variety of contexts. 775 ILCS 5/1-102 (West 2014); see, *e.g.*, *People ex rel. Madigan v. Wildermuth*, 2017 IL 120763 (racial discrimination in real estate transactions); *State v. Mikusch*, 138 Ill. 2d 242 (1990) (age discrimination in employment). When a discrimination claim is filed with the Director, the Department investigates the claim to determine whether there is substantial evidence to support it. See 775 ILCS 5/7-101 *et seq.* (West 2014). If the Director determines that there is substantial evidence, the Director may file a complaint with the Illinois Human Rights Commission (Commission), which will then settle or adjudicate the claim. See 775 ILCS 5/8-101 *et seq.* (West 2014). If, however, the Director determines that there is no substantial evidence, the claimant may petition the Commission to review the Director's finding or may commence a civil action. *Id.*

¶ 4     Under the prior version of the Act, a discrimination claim was largely, and almost exclusively, a question of administrative law for the Director and the Commission, not the courts. The reason for this is that the Act was designed to be a comprehensive and uniform scheme to redress discrimination in this state without the need for litigation. Consequently, prior to 2007, Illinois courts (and by extension, federal courts applying Illinois law) did not recognize a private cause of action for discrimination. See *Mein v. Masonite Corp.*, 109 Ill. 2d 1, 7 (1985); *Williams v. Naylor*, 147 Ill. App. 3d 258, 264 (1986); *Yount v. Hesston Corp.*, 124 Ill. App. 3d 943, 947-50 (1984); *Walker v. Woodward Governor Co.*, 631 F. Supp. 91, 95 (N.D. Ill. 1986).

¶ 5     In 2007, however, the General Assembly overhauled the Act to provide for the redress of discrimination claims in court, after they have first been filed with the Director. See Pub. Act 95-243 (eff. Jan. 1, 2008). The case before us implicates section 7A-102(D)(3) of the Act as amended (775 ILCS 5/7A-102(D)(3) (West 2014)). That section states:

> "(3) If the Director determines that there is no substantial evidence, the charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for

review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice." 775 ILCS 5/7A-102(D)(3) (West 2014).

With this statutory framework in mind, we return to the facts of this case.

¶ 6 As noted, in December 2013, Metzler filed his complaint of discrimination with the Director. On August 11, 2014, the Director issued Metzler a notice informing him that the Department found no substantial evidence that he had been harassed, received a negative review, or was suspended or terminated based on his sex. The notice advised Metzler that his complaint had been dismissed and that if he did not accept this outcome and wished to proceed further, "pursuant to Section 7A-102(D)" of the Act, he had two options: he could, within 90 days, either (1) file a request for review before the Commission or (2) commence a civil action in the circuit court. Metzler took the first option, and filed a request for review before the Commission. On January 21, 2015, the Commission vacated the dismissal and ordered the Director to further investigate Metzler's claims. See 56 Ill. Adm. Code 5300.460 (1992); 56 Ill. Adm. Code 5300.480 (1981).

¶ 7 On March 23, 2015, the Director issued Metzler a second notice (substantively identical to the first one) stating that his complaint had been dismissed again for lack of substantial evidence. This time, too, Metzler sought review before the Commission, and on June 26, 2015, the Commission once again vacated the Director's dismissal and ordered the Director to further investigate Metzler's claims. Finally, on March 15, 2016, the Director issued Metzler a third notice of dismissal (substantively identical to the first two). This time, however, instead of seeking review before the Commission, Metzler timely filed a civil complaint against KSB in the circuit court.

¶ 8 KSB filed a motion to dismiss Metzler's complaint. See 735 ILCS 5/2-619(a)(9) (West 2014) (permitting dismissals where relief is barred by an affirmative matter). In its motion, KSB relied on the single sentence in section 7A-102(D)(3) that states, "If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court." 775 ILCS 5/7A-102(D)(3) (West 2014). According to KSB, since Metzler had previously sought review before the Commission from the first and second dismissals of his administrative complaint, he could not pursue any discrimination action, following the Director's third dismissal, against KSB in the circuit court. The circuit court accepted KSB's interpretation of section 7A-102(D)(3) and granted the motion to dismiss.

¶ 9 Metzler appeals, and we reverse. We review the circuit court's ruling on a motion to dismiss, as well as its construction of the Act, *de novo*. See *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 359 (2009). In construing the Act, we consider its plain language. *Id.* at 361. We also consider the statute as a whole, taking into account all of its relevant components. *Id.*

¶ 10 Here, KSB has focused on a single sentence in section 7A-102(D)(3) to the exclusion of the paragraph surrounding that sentence. KSB apparently views the section as applying to each charge of discrimination *in toto*, but when we read the entire section, it is plain that the complainant may take new action on *each* dismissal order issued by the Director. Again, section 7A-102(D)(3) provides:

> "(3) If the Director determines that there is no substantial evidence, the charge shall be dismissed *by order of the Director* and the Director shall give the complainant notice of his or her right to seek review of *the dismissal order* before the Commission

- 3 -

*or* commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice." (Emphases added.) 775 ILCS 5/7A-102(D)(3) (West 2014).

¶ 11    Further, we observe that section 7A-102(D)(3) makes no reference to the Administrative Review Law (see 735 ILCS 5/3-101 *et seq.* (West 2014)), which means that a discrimination action in the circuit court is a freestanding claim and is not constrained to administrative review of the Director's dismissal order. See, *e.g.*, *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272 (2009) (discussing limitations on judicial review of administrative determinations). Returning to the matter at hand, we note that the parties do not contend that section 7A-102(D)(3) is ambiguous, and in the context of this case, we think that it is quite clear. The very first sentence of section 7A-102(D)(3) makes plain that review by the Commission may be sought from each dismissal *order*. That is, section 7A-102(D)(3) prevents a complainant from seeking review of a dismissal order before the Commission, obtaining an unfavorable determination by the Commission, and *then* commencing an action in the circuit court. But section 7A-102(D)(3) does not prevent the complainant from commencing a civil action merely because the complainant sought review of an *earlier* dismissal order through the Commission. In other words, once the Commission vacates the Director's dismissal order, the process begins anew.

¶ 12    Finally, we note that *Aberman v. Board of Education of the City of Chicago*, No. 12-cv-10181, 2013 WL 5290048 (N.D. Ill. Sept. 17, 2013), a case relied on by KSB as persuasive authority, is distinguishable and therefore unpersuasive. The plaintiff in *Aberman* received an adverse decision from the Director. She then sought review of the Director's determination before the Commission *and also* filed a complaint in the circuit court based on the same dismissal order. Then, the plaintiff sought to have the state-court action removed to federal district court. The district court dismissed the plaintiff's complaint, stating that, "[i]n electing to proceed before the Commission, Aberman forewent her right to commence a civil action in [the] circuit court to litigate her discrimination claims" in state court and, by extension, to remove that state-court action to federal court. *Aberman*, 2013 WL 5290048, at *3. In other words, unlike in this case, the plaintiff sought both administrative review before the Commission and judicial relief (first in state and then in federal court) based on the same dismissal order and not on different ones.

¶ 13    We determine that, under the plain language of section 7A-102(D)(3), each dismissal order gives the claimant a new opportunity to pursue either administrative review or judicial relief. Therefore, we reverse the judgment of the circuit court of Lee County, which dismissed Metzler's complaint, and we remand the cause for further proceedings.

¶ 14    Reversed and remanded.