2023 IL App (1st) 220323-U

No. 1-22-0323

Order filed March 9, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ESFIRA VAYNER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 4972 |
| | ) | |
| CD PEACOCK JEWELRY, | ) | Honorable |
| | ) | Michael F. Otto, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order dismissing plaintiff's complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2020)) is affirmed where the action was not commenced within the time limited by law.

¶ 2    Plaintiff Esfira Vayner (Vayner) appeals from an order of the circuit court granting the motion of defendant, CD Peacock Jewelry (Peacock), to dismiss her complaint as time-barred pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2020)). Although the appellee has not filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128,

133 (1976), and we have ordered the appeal taken on plaintiff's brief and the record alone. For the reasons that follow, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4     The limited record on appeal demonstrates that Vayner was hired by Peacock as a part-time sales associate on August 8, 2019. On December 27 or 28, 2019, Peacock terminated Vayner's employment, citing poor performance. On February 19, 2020, Vayner filed a charge with the Illinois Department of Human Rights (Department), alleging discrimination by Peacock based upon age, sex, and national origin.

¶ 5     On January 5, 2021, the Department sent Vayner a letter advising her of her rights. Specifically, the Department informed her that "if the Department of Human Rights (IDHR) has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing," (emphasis in original) she could file a complaint with the Human Rights Commission (Commission) or commence a civil action in the circuit court within 90 days of the expiration of the 365 days or extension. In the letter, the Department calculated the filing dates as "2/19/21 through 5/19/21."

¶ 6     Also on January 5, 2021, the Department issued an investigation report, which found a lack of substantial evidence for each claim Vayner raised in her charge. On January 8, 2021, the Department issued and mailed to Vayner a "Notice of Dismissal for Lack of Substantial Evidence," enclosing a copy of the investigation report. Among other things, the notice informed Vayner that her charge of discrimination had been dismissed and apprised her that if she disagreed with the

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Department's action, she could (a) file a request for review before the Commission by April 13, 2021, or (b) commence a civil action in the circuit court "within ninety (90) days after receipt of this Notice." An affidavit of service accompanying the notice averred that the notice was mailed to Vayner by first class mail on January 8, 2021.

¶ 7    On May 14, 2021, Vayner filed a *pro se* complaint in the circuit court, naming Peacock and "Chris Croteau supervisor-director" as defendants. Vayner checked a box on the civil action cover sheet indicating that the case type was breach of contract, but also hand-wrote on the form that the case type was "discrimination at work." Vayner attached a three-page hand-written "description" to the complaint, detailing her allegations of employment discrimination based on age, sex, and national origin.

¶ 8    On November 2, 2021, Peacock filed a motion to dismiss the complaint pursuant to section 2-619(a)(5) of the Code. 735 ILCS 5/2-619(a)(5) (West 2020) (permitting dismissal when an action is not commenced within the time limited by law). Peacock argued that the matter was time-barred since Vayner filed her complaint in the circuit court more than 90 days after receipt of the Department's notice of dismissal of her charge of discrimination.

¶ 9    On February 7, 2022, Vayner filed a response, asserting, *inter alia*, that she did not receive the Department's January 8, 2021, notice of dismissal of her charge of discrimination in the mail. Vayner neither signed her response nor attached an affidavit or other supporting documentation. According to Vayner, after she received a copy of Peacock's motion to dismiss her complaint, she contacted a person at the Department named Mark Lamb. At Vayner's request, Lamb sent a copy of the Department's notice of dismissal to her, which she received on November 16, 2021.

¶ 10    Following oral argument, the circuit court granted Peacock's motion to dismiss the complaint in a written order on February 8, 2022. The circuit court found that Vayner filed her

complaint outside the limitations period established by the Illinois Human Rights Act (Act) (775 ILCS 5/7A-102(D)(3) (West 2020)). Vayner filed a timely notice of appeal on March 9, 2022.

¶ 11                                    II. ANALYSIS

¶ 12    In her *pro se* brief on appeal, Vayner contends that she did not receive the Department's January 8, 2021, notice of dismissal until Lamb sent her a copy in November 2021. She asserts that she followed "information" from the Department's January 5, 2021, letter and from a telephone conversation with Lamb, whom she describes as a "Supervisor [of] Charge Processing" at the Department. She maintains that she spoke with Lamb "right after" receiving the January 5, 2021, letter, and that he "mentioned that [she] still had time to sue the company (2/19/21 through 5/19/21)." She further asserts that "[i]t was impossible to calculate [the] right date of filing case in court."

¶ 13    A motion to dismiss a complaint pursuant to section 2-619 of the Code "admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). Relevant here, under section 2-619(a)(5), a defendant may raise a statute of limitations issue in a motion to dismiss. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84 (1995). In ruling on a motion to dismiss a complaint under section 2-619, the circuit court construes the pleadings and any supporting documents in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). "We review the circuit court's ruling on a motion to dismiss, as well as its construction of the Act, *de novo*." *Metzler v. Katherine Shaw Bethea Hospital*, 2017 IL App (2d) 170001, ¶ 9.

¶ 14    Pursuant to section 7A-102(D)(3) of the Act, if the Director of the Department determines there is no substantial evidence that an alleged civil rights violation has been committed, "the

charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court." 775 ILCS 5/7A-102(D)(3) (West 2020).[2] A discrimination action filed in the circuit court in accordance with the procedures set forth in section 7A-102(D)(3) "is a freestanding claim and is not constrained to administrative review of the Director's dismissal order." *Metzler*, 2017 IL App (2d) 170001, ¶ 11. If the complainant chooses to commence a civil action in the circuit court, the Act provides that "he or she must do so within 90 days after receipt of the Director's notice." 775 ILCS 5/7A-102(D)(3) (West 2020).

¶ 15    A presumption of delivery exists when a notice directed to a proper address is sent by U.S. mail. *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39. Pursuant to Illinois Supreme Court Rule 12(c) (eff. July 1, 2017), service by U.S. mail is complete four days after mailing. A party's mere allegation that he or she did not receive a document is insufficient to overcome the presumption of delivery. See *CitiMortgage, Inc.*, 2014 IL App (1st) 131272, ¶ 41. "Otherwise, '[i]f the proper giving of the notice can now be frustrated by the mere allegation of the [party] that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method.' " *Id.* ¶ 39 (quoting *Bernier v. Schaefer*, 11 Ill. 2d 525, 529 (1957)). In order to overcome the presumption of delivery, an allegation of non-delivery must be supported by the record. See, *e.g.*, *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 575-76 (1986) (finding that an affidavit indicating that the plaintiff did not receive the notice in the mail,

---

[2]Prior to 2008, Illinois courts did not recognize a private cause of action for discrimination; rather, a discrimination claim was a question of administrative law. *Metzler*, 2017 IL App (2d) 170001, ¶ 4. In 2007, the General Assembly overhauled the Act to allow discrimination claims to be raised in court after they had been first filed with the Department. *Id.* (citing Pub. Act 95-243 (eff. Jan. 1, 2008)). Among the sections of the Act setting forth this process is the provision at issue here, section 7A-102(D)(3). 775 ILCS 5/7A-102(D)(3) (West 2020).

even if "properly before the court," would be insufficient to overcome the validity of the defendant's proof of service filed in the common law record); *Selvaggio v. Kickert School Bus Line, Inc.*, 46 Ill. App. 2d 398, 402-05, 407 (1964) (failure to receive notice was successfully asserted where "there was more than a mere allegation," but rather, "uncontradicted evidence which constituted proof that no notice had been received by the defendants or their attorneys," in the form of stipulated testimony).

¶ 16    Here, the Department mailed Vayner notice of its dismissal of her charge on January 8, 2021, via U.S. mail. The address on the affidavit of service to which the Department averred it sent the notice of dismissal matches the address Vayner used in her filings in the circuit court and this court. As such, Vayner must be presumed to have received the notice four days later, on January 12, 2021. She has not overcome this presumption by offering anything more than a mere allegation that she did not receive the notice in the mail.

¶ 17    As a presumption exists that Vayner received the notice on January 12, 2021, her 90-day timeframe for commencing a civil action in the circuit court expired on April 12, 2021. However, she did not file her *pro se* complaint in the circuit court until May 14, 2021, more than a month after the limitations period expired.

¶ 18    We are aware that even where the presumption of delivery by mail has not been overcome, "there may be circumstances where an extension of time [to meet a deadline] is appropriate." *Montalbano Builders, Inc. v. Rauschenberger*, 341 Ill. App. 3d 1075, 1079 (2003). However, no such compelling circumstances exist here. Vayner acknowledges she received a copy of the notice of dismissal from Lamb on November 16, 2021. Yet, she waited until February 7, 2022, almost three months, to notify the court of her alleged lack of notice. Considering the length of Vayner's delay and her failure to explain it, we cannot find that an extension of time would be appropriate

in this case. See *id.* (finding an extension of time inappropriate where the party did not apprise the court of a claimed failure of delivery by mail until four months after becoming aware of the existence of the undelivered document).

¶ 19     As Vayner did not file her complaint until after the limitations period had expired, the action was time-barred. In these circumstances, the circuit court's grant of Peacock's motion to dismiss was proper. See 735 ILCS 5/2-619(a)(5) (West 2020) (permitting dismissal when an action was not commenced within the time limited by law).

¶ 20     We are mindful of Vayner's argument that she acted in accordance with the information provided to her in the Department's letter of January 5, 2021. However, that letter clearly set forth that it was advising Vayner of her rights if the Department failed to act on her charge within 365 days of its filing. See 775 ILCS 5/7A-102(B), (G)(2) (West 2020). Here, the Department issued its report of findings and dismissed her charge within 365 days. As such, the information contained in the January 5, 2021, letter does not apply to her case.

¶ 21                                   III. CONCLUSION

¶ 22     For the reasons explained above, we affirm the judgment of the circuit court.

¶ 23     Affirmed.